**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Flava Works, Inc.,                 )

                                   )

          Plaintiff,         )

                                   )      Honorable John F. Grady

          v.                 )

                                   )      Case No. 1:10-cv-06517

Marques Rondale Gunter d/b/a myVidster.com,  )

SalsaIndy, LLC, John Does 1-26, Voxel Dot Net,  )      JURY TRIAL DEMANDED

Inc.,                                   )

                                   )

          Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Marques Rondale Gunter d/b/a myVidster.com and SalsaIndy, LLC (collectively "SalsaIndy") move to dismiss all seven counts of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that the Complaint contain a statement showing that the pleader is entitled to relief. However, Plaintiff's Complaint merely recites the elements of seven meritless claims against SalsaIndy and fails to allege critical facts to support these baseless allegations. In particular, Plaintiff's direct copyright infringement claim does not and cannot allege that SalsaIndy copied Plaintiff's protected works or otherwise engaged in volitional acts to bring about the alleged infringement. In addition, all of Plaintiff's copyright infringement claims based on theories of secondary liability fail to allege facts that support the core elements of each claim. Specifically, Plaintiff does not allege and cannot allege facts to indicate that SalsaIndy materially contributed to the allegedly infringing acts, had the specific intent that SalsaIndy's services be used to infringe, or that SalsaIndy had the right and ability to control the allegedly infringing content and received a

direct financial benefit from that content. Finally, all of Plaintiff's trademark claims are even more deficient than the copyright claims because they fail to allege that SalsaIndy used Plaintiff's protected marks in commerce, a critical element to any trademark claims. In sum, Plaintiff's Complaint fails to state a single claim upon which relief can be granted and should be dismissed.

## I.     MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "more than labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). In addition, the Supreme Court has concluded that the courts are not required to simply accept as true "a legal conclusion couched as a factual allegation." *Id.*, *quoting Papasan*, 478 U.S. at 286. Therefore, Plaintiff's factual allegations must sufficiently raise a right to relief beyond mere speculation and include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atl. Corp.*, 550 U.S. at 555. As such, to survive a motion to dismiss, the claim to a right to relief must be facially plausible, which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff's Complaint should be dismissed because it merely tenders formulaic recitations of the elements of a cause of action and "'naked assertion[s]' devoid of 'further factual enhancement,'" both of which the Supreme Court has deemed insufficient to survive a motion to dismiss. *Id.*, *quoting Bell Atl. Corp.*, 550 U.S. at 557.

## II.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS ARE DEFICIENT

All of Plaintiff's copyright infringement claims, namely direct copyright infringement, contributory copyright infringement, inducement of copyright infringement, and vicarious

copyright infringement, fail to allege facts to support critical elements of each claim.

## A.    Plaintiff fails to sufficiently plead direct copyright infringement

A claim of direct copyright infringement requires that a plaintiff allege both ownership of a valid copyright and unauthorized copying of the constituent elements of plaintiff's work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Furthermore, a plaintiff must allege volitional conduct on the part of the defendant where defendant's computer system is merely used to create a copy by a third party. *Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995). In particular, in the case of a defendant website, such as SalsaIndy's site or an internet service provider that "automatically transmits users' material but is itself totally indifferent to the material's content," there must be volitional conduct by the defendant. *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004). Therefore, a party that passively and automatically acts through a technological process initiated by a third party is not liable for direct infringement. *ALS Scan, Inc. v. Remarq Communities, Inc.*, 239 F.3d 619, 622 (4th Cir. 2001).

Plaintiff does not and cannot sufficiently plead that SalsaIndy directly infringed Plaintiff's rights. First, the Complaint does not allege that SalsaIndy copied a protected work, which is required to state a prima facie case of direct copyright infringement. The Complaint merely alleges that "[i]nstances of copyright infringement occur whenever one of Defendants' *user* (sic), without authorization of the copyright owner, uses Defendants' network to download a copyrighted content file and/or images." Amended Complaint Count I ¶ 74 (emphasis added). As a matter of law, "storage on a defendant's system of infringing copies and retransmission to other servers is not a direct infringement . . . of the exclusive right to reproduce the work where such copies are uploaded by an infringing user." *Netcom*, 907 F. Supp. at 1371. Therefore,

SalsaIndy, serving as a mere passive conduit, as admitted by Plaintiff's own pleadings, is not directly liable for any alleged infringement by users of the myVidster website. Any storage or copying that took place on the myVidster website was merely incidental, automatic and transitory, and Plaintiff does not allege otherwise because he could not truthfully make such allegations.

Consequently, Plaintiff cannot allege that SalsaIndy's conduct in any way constitutes direct copyright infringement. For these reasons, the Court should dismiss Plaintiff's direct copyright infringement claim.

**B.      Plaintiff fails to sufficiently plead contributory copyright infringement**

Plaintiff has again failed to allege facts to support a critical element of its contributory copyright infringement claim. In order to state a valid claim for contributory copyright infringement, a plaintiff must plead the following: (1) a third party directly infringed a copyrighted work; (2) the defendant actually knew of or had reason to know of the direct infringement; and (3) the defendant materially contributed to the direct infringement. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001); *see also Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F. Supp. 877, 883 (N.D. Ill. 2005), *aff'd* 334 F.3d 643 (7th Cir. 2003). Here, however, Plaintiff's Complaint simply lists the elements of a contributory copyright infringement claim without sufficiently alleging specific facts to raise the claim beyond mere speculation.

First, Plaintiff's mere allegation that SalsaIndy received notice of the allegedly infringing acts in its Digital Millennium Copyright Act notice does not alone indicate that SalsaIndy had the requisite level of knowledge. The bare claim of infringement by a copyright holder in a Digital Millennium Copyright Act notice is not enough to impute knowledge of an infringement

for purposes of assessing liability for contributory infringement. *CoStar*, 164 F. Supp. 2d at 707 (*following Netcom*, 907 F. Supp. at 1374).

Second, even assuming SalsaIndy had the requisite level of knowledge, Plaintiff still has not pled facts that indicate SalsaIndy materially contributed to any allegedly infringing acts of which he had knowledge. Plaintiff formulaically tenders the assertion that "Gunter, d/b/a myVidster aided, abetted, allowed, encouraged and otherwise materially contributed to helping those individuals to reproduce and distribute Flava Works' Intellectual Property," Amended Complaint Count II ¶ 74, without any facts whatsoever to support this legal conclusion. Plaintiff's pleadings that "Defendant became aware of the infringing activities that take place on the website" pursuant to a Digital Millennium Copyright Act takedown notice, and that "the myVidster website continued to be updated with more and more infringing material from its members," Amended Complaint ¶¶ 54-60, are also insufficient. The mere allegation that additional unidentified infringing material was uploaded to the myVidster website following SalsaIndy's receipt of the takedown notices is not an allegation that SalsaIndy materially contributed to the specific acts of infringement that Plaintiff addressed in the takedown notices. Therefore, Plaintiff's contributory copyright infringement claim against SalsaIndy should also be dismissed.

**C. Plaintiff fails to sufficiently plead inducement of copyright infringement**

In similar fashion, Plaintiff has not alleged and cannot allege facts that indicate SalsaIndy's actions rose to the level of inducement. An allegation of inducement requires evidence of "'active steps . . . taken to encourage direct infringement' . . . such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 936 (2005), *citing Oak Industries, Inc. v.*

*Zenith Electronics Corp.*, 697 F. Supp. 988, 992 (N.D. Ill. 1988). Mere knowledge of the product's potential infringing uses or actual infringing uses is not sufficient to subject the distributor to liability. *Id.* at 937. Rather, inducement of copyright infringement "premises liability on purposeful, culpable expression and conduct." *Id.*

Plaintiff once again pleads a mere formulaic assertion of the elements, which the Supreme Court deemed a nullity for purposes of surviving a motion to dismiss. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff merely states that "[b]y offering online storage space for those who desire to backup their bookmark videos and encouraging users to share their videos, Defendant, Gunter, d/b/a myVidster intentionally induced the John Does, among others, to infringe Flava Works' Intellectual Property." Amended Complaint Count IV ¶ 73. SalsaIndy's offering of online storage space to all users is not an active step taken to encourage direct infringement. Plaintiff has not alleged and cannot allege that SalsaIndy advertised an infringing use, instructed users how to engage in an infringing use, or otherwise encouraged or demonstrated an affirmative intent that SalsaIndy's services or storage space could be used to infringe. Because Plaintiff's recurring listing of the elements absent supporting facts is deficient, the Court should also dismiss Plaintiffs inducement of copyright infringement claim.

**D.     Plaintiff fails to sufficiently plead vicarious copyright infringement**

Plaintiff again fails to allege the core elements in its claim for vicarious copyright infringement. A vicarious copyright infringement claim requires that a plaintiff allege that the defendant at all material times possessed the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing activity. *QSRSoft, Inc. v. Restaurant Tech., Inc.*, 2006 WL 3196928, *4 (N.D. Ill. Nov. 2, 2006), *citing In re Aimster Copyright Litig.*, 334 F.3d 643, 654 (7th Cir. 2003). Plaintiff has failed to sufficiently plead either of these elements.

First, Plaintiff has not alleged that SalsaIndy had the right and ability to control the allegedly infringing activity. Rather, Plaintiff deficiently alleges that SalsaIndy "had the obligation and ability to control and stop the infringing activity, yet failed to do so." Amended Complaint Count III ¶ 73. The crux of a defendant's "right and ability to supervise and control" requires that the defendant pervasively participate in the allegedly infringing activities. *Adobe Sys. v. Canus Prods.*, 173 F. Supp. 2d 1044, 1055 (C.D. Cal. 2001), *interpreting Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996). Here, the Complaint does not allege any facts to suggest that SalsaIndy was "pervasively participating" in the alleged infringing activities.

Second, Plaintiff has not alleged that SalsaIndy received a direct financial benefit from any allegedly infringing material. A defendant receives a direct financial benefit where the availability of infringing material acts as a draw for customers and not just an additional benefit. *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). There must be a causal relationship between the infringing activity and any financial benefit the defendant receives. *Id.* at 1079 (finding that there was no direct financial benefit where there was no evidence that the defendant's customers "either subscribed because of the available infringing material or cancelled subscriptions because it was no longer available"). Moreover, a one-time set up fee and flat periodic payments for service do not amount to a financial benefit directly attributable to the infringing activity at issue. *Id.* Here, Plaintiff asserts that SalsaIndy "received direct financial benefits from the infringements by increasing its website traffic and generating revenue from storage fees." Amended Complaint Count III ¶ 74. Increased website traffic and revenue from storage fees, however, do not indicate that the alleged acts of infringement on the myVidster website constituted a draw for customers or furthermore, that myVidster users subscribed or cancelled their subscriptions based on their ability to access infringing materials.

Plaintiff again formulaically recites the elements of a claim without sufficiently alleging facts to raise a right to relief beyond speculation. Therefore, the Court should dismiss Plaintiff's vicarious copyright infringement claim.

## III. PLAINTIFF'S TRADEMARK CLAIMS ARE EVEN MORE DEFICIENT THAN ITS COPYRIGHT CLAIMS

Plaintiff's trademark allegations are even more deficient than Plaintiff's copyright infringement claims. Plaintiff failed to allege a crucial element of all of the trademark claims that it has brought against SalsaIndy, namely, that SalsaIndy used Plaintiff's marks in commerce.

Lanham Act claims require that the accused use be "in connection with the sale, offering for sale, distribution or advertising of any goods or services" in a context that is likely to cause confusion, deception or mistake, or in other words, a use in commerce. Lanham Act § 32(1), 15 U.S.C. § 1114(1). In addition, claims of trademark infringement and unfair competition under Illinois law are established in the same manner as claims that are brought under the Lanham Act. *World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 841 (N.D. Ill. 2002).

Plaintiff has utterly failed to allege nor could it allege that SalsaIndy has used Plaintiff's marks in connection with the sale, promotion or advertising of SalaIndy's services or any other goods or services or that SalsaIndy's "use" is likely to confuse the public. Plaintiff has only alleged that the copyrighted material posted to SalsaIndy's website "often contains Plaintiff's trademarks and/or trade dress." Amended Complaint ¶ 28. Therefore, any use by SalsaIndy of Plaintiff's marks was not a use "in commerce." Rather, these uses are a means of identifying the true source of Plaintiff's goods and services, in no way likely to confuse the public, and are not actionable under federal or state Trademark law. Therefore, the Court should dismiss Plaintiff's trademark claims.

## **CONCLUSION**

Because Plaintiff has deficiently pled all claims in the Amended Complaint and merely formulaically recited the elements of its claims and because no set of facts exist based on SalsaIndy's actions to support the claims, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

Date: January 10, 2011

/s/William J. Lenz
One of the Attorneys for Defendants,
Marques Rondale Gunter and SalsaIndy, LLC

William J. Lenz
Gregory J. Leighton
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
312.269.8000

## CERTIFICATE OF SERVICE

I, Gregory J. Leighton, an attorney, state that I caused a copy of the foregoing, Memorandum In Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, to be served upon the following counsel of record via the Court's ECF system on January 10, 2011:

> Meanith Huon
> Huon Law Office
> P.O. Box 441
> Chicago, Illinois 60690

/s/Gregory Leighton
Gregory J. Leighton

NGEDOCS: 1761397.3