**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Flava Works, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Marques Rondale Gunter d/b/a myVidster.com, SalsaIndy, LLC, John Does 1-26, Voxel Dot Net, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Honorable John F. Grady<br><br>Case No. 1:10-cv-06517<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's Response is a nullity; it fails to address the deficiencies of Plaintiff's Complaint identified by Defendants' Motion. In fact, Plaintiff's Response tacitly admits that SalsaIndy's analysis of the elements for each purported claim are proper, while failing to point to any allegations in the Complaint that would meet those elements. Nothing in Plaintiff's Response adequately addresses or cures the glaring deficiencies of the Complaint. Accordingly, SalsaIndy respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint.

## I. PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS ARE DEFICIENT.

Plaintiff's Response does not remedy the deficiencies in all of its copyright infringement claims, namely, direct copyright infringement, contributory copyright infringement, inducement of copyright infringement, and vicarious copyright infringement.

### A. As Plaintiff Admits, Though Fails to Plead, Volitional Conduct is Required to State a Claim for Direct Copyright Infringement.

Plaintiff's assertion that SalsaIndy had a "direct role in the infringement" is not only untrue, it is simply not germane to a claim for a direct infringement. Plaintiff's Response Brief

at 4.[1] As Plaintiff acknowledges, where a defendant's computer system is merely used by a third party to create a copy, as is the case here, a plaintiff must allege "volitional conduct" on the part of the defendant, particularly in the case of a defendant that automatically transmits user material through a technological process initiated by a third party. Plaintiff's Response Brief at 4, *citing Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F.Supp. 1361, 1370; *CoStar Group, Inc. v. Loopnet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004); *ALS Scan, Inc. v. Remarq Communities, Inc.*, 239 F.3d 619, 622 (4th Cir. 2002). Plaintiff's baseless and conclusory allegation that SalsaIndy played a "direct role" in the alleged infringement on the myVidster site is not the equivalent of the volitional conduct necessary to support its claim.

Moreover, Plaintiff's reliance on *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1121-22 (C.D. Cal. 2001), to somehow support a direct infringement claim is inapposite. As Plaintiff explains, the court in *Perfect 10* refused to dismiss the direct copyright infringement claim only because the relationship between the defendant and the infringing websites, which were somehow affiliated with the defendant, was unclear, and there was a chance that the defendant could have been a direct infringer acting through one of the affiliates. Plaintiff's Response Brief at 4. Here, there is no allegation of any affiliation between the alleged direct infringers--i.e. the users of the myVidster website--and SalsaIndy or that SalsaIndy itself directly infringed any of Plaintiff's copyrighted materials. Therefore, the case is in no way analogous to the facts at hand and fails to remedy Plaintiff's failure to state a claim for direct copyright infringement.

---

[1] Further, Plaintiff's assertion that the cited authority in SalsaIndy's Motion to Dismiss is irrelevant because the cases were decided at the summary judgment stage both unsupported and absurd.

### B. Plaintiff's Response Fails to Remedy Glaring Deficiencies in its Contributory Copyright Infringement Claim.

Like its direct infringement claim, Plaintiff misstates the elements of contributory copyright infringement, and accordingly fails to adequately plead facts that suggest Plaintiff's contributory copyright infringement claim is facially plausible. As explained in SalsaIndy's Opening Memorandum, Plaintiff has failed to plead the first element: actual knowledge of the specific infringing material. *Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005). Plaintiff contends that its various takedown notices under the DMCA were sufficient to impute actual knowledge of specific acts of infringement to SalsaIndy. Plaintiff is wrong. Courts have addressed this issue and held that the bare claim of infringement by a copyright holder in a DMCA notice is not enough to impute knowledge of an infringement for purposes of assessing liability for contributory copyright infringement. *CoStar*, 164 F. Supp. 2d at 707 (*following Netcom*, 907 F. Supp. at 1374). Therefore, Plaintiff's claim is deficient and should be dismissed.

Even assuming arguendo that Plaintiff's takedown notices were sufficient to impute the requisite level of knowledge, Plaintiff still has not pled the second requirement for contributory copyright infringement liability: that SalsaIndy took affirmative steps to materially contribute to any alleged acts of infringement. *Monotype*, 376 F. Supp. 2d at 883. Plaintiff does not allege that SalsaIndy failed to remove, stop or otherwise prevent the alleged infringement that Plaintiff identified in its DMCA notices. Rather, Plaintiff glosses over this element by asserting, "the myVidster website continued to be updated with more and more infringing material from its members" after DMCA Takedown notices were sent, without asserting any kind of relationship between the conduct referred to in the notices and the supposed "more and more infringing material." Complaint ¶¶ 52-56. Such pleading is not only illogical, it fails to state a claim.

Tellingly, Plaintiff has not and cannot allege that SalsaIndy failed to expeditiously remove any infringing content that was identified in the DMCA Takedown notices.[2] Plaintiff's allegations that the myVidster website continued to be updated with *additional* infringing content are irrelevant to whether SalsaIndy complied with the specific DMCA notices or somehow failed to remove known infringements from the myVidster website. Plaintiff only has an obligation to remove known infringements on his site. *A& M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1021 (9th Cir. 2001). In fact, courts have clearly and affirmatively stated that an internet service provider is under no obligation to actively monitor or police for new acts of infringement. Rather, the burden is on Plaintiff to police and protect its own intellectual property rights. *Viacom International Inc. v. Youtube Inc.*, Nos. 07 Civ. 2103 (S.D.N.Y. June 23, 2010) ("awareness of pervasive copyright-infringing, however flagrant and blatant, does not impose liability on the service provider"); *see also UMG Recordings, Inc. v. Veoh Networks, Inc*., 665 F.Supp.2d 1099, 1108 (C.D. Cal. 2009). Accordingly, Plaintiff has failed to plead at least two necessary elements of contributory copyright infringement and this claim should be dismissed.

Finally, Plaintiff's misstatements of the Ninth Circuit's holding in *Napster* and the Seventh Circuit's decision in *In re Aimster* cannot save this deficient claim. Plaintiff suggests that under *Napster*, material contribution occurs merely when a defendant offers the site and facilities for direct infringement. Plaintiff's Response Brief at 7. Yet, in *Napster*, which involved peer to peer file sharing, the court held that the defendant was liable for contributory copyright infringement not merely because it offered the site and facilities for such infringement, but because the defendant had actual knowledge that specific infringing material was available and failed to remove that material. As noted above, Plaintiff has not and cannot make such an

---

[2] SalsaIndy did in fact immediately remove the allegedly infringing content, and at no point has Plaintiff suggested otherwise.

allegation in this case. Moreover, the *Viacom* court clearly noted the staggering difference between a peer to peer file sharing defendant and an internet service provider who merely "furnishes a platform on which its users post and access all sorts of materials as they wish, while the provider is unaware of its content," as is the case here. *Viacom,* Nos. 07 Civ. 2103.

Plaintiff's heavily reliance on *In re Aimster Copyright Litig*., 334 F.3d 643 (7th Cir. 2003) is equally unavailing. Plaintiff notably did not address the Seventh Circuit's conclusion requiring courts to consider the respective magnitudes of infringing and non-infringing uses when determining whether an alleged contributory infringer acted with culpable intent. *Id*.; *Monotype*, 376 F. Supp. 2d at 887; *see also Arista Records LLC v. Lime Group LLC,* 715 F. Supp. 2d 481 (S.D.N.Y. 2010). Here, Plaintiff has neither disputed that the myVidster website has substantial non-infringing uses nor attempted to allege that any purported infringing use outweighs the non-infringing uses. Therefore, Plaintiff's reliance on *Aimster* and *Napster* is inapposite, and Plaintiff's deficient claim for contributory copyright infringement should be dismissed.

### C. <u>Plaintiff completely misstates the test for inducement of copyright infringement.</u>

Though the Supreme Court has clearly laid out the standard for inducement of copyright infringement in *Metro Goldwyn-Mayer Studios Inc. v. Grokster,* 545 U.S. 913, 936 (2005), Plaintiff erroneously claims that the standard for inducement is the same test as contributory copyright infringement. Specifically, Plaintiff asserts that inducement requires "that the infringing activity induces, causes, or materially contributes to the infringing conduct of another." Plaintiff's Response Brief at 9. The Supreme Court, however, held that to find inducement one must "distribute a device with the object of promoting its use to infringe

copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Id*. at 781.

Plaintiff has utterly failed to plead these required elements. Plaintiff's mere allegations that SalsaIndy offers online storage space to back up bookmarked videos in no way suggests that SalsaIndy has promoted infringement on its site or otherwise took affirmative steps to encourage any infringement. Plaintiff makes no other allegations that would support the assertion that SalsaIndy was intentionally and actively encouraging other to infringe Plaintiff's copyrights. Accordingly, Plaintiff's inducement claim is deficient and should be dismissed.

### D. Plaintiff Fails to Sufficiently Plead That SalsaIndy Had a Right and Ability to Control Infringing Material and Received a Direct Financial Interest From any Infringing Material.

Once again, Plaintiff misstates the elements for its claim: this time for vicarious copyright infringement. In order to state this claim, Plaintiff must allege that SalsaIndy had the right and ability to control the infringing activities as well as a direct financial interest in the infringing activities. *QSRSoft, Inc. v. Restaurant Tech., Inc.*, 2006 WL 3196928, *4 (N.D. Ill. Nov. 2, 2006), *citing In re Aimster*, 334 F.3d at 654. Plaintiff fails to successfully allege either of these elements. First, Plaintiff erroneously suggests that the mere ability to block infringers' access to a particular environment is sufficient to constitute the right and ability to control the allegedly infringing activities. Plaintiff's Response Brief at 10. To the contrary, the right and ability to control the infringing activity requires more than the ability to remove or block access to materials posted on a website or stored on a system. *CoStar*, 164 F. Supp. 2d at 704; *Tur v. YouTube, Inc.*, 2007 WL 1893635 at *3 (C.D. Cal. June 20, 2007), *citing Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996). Indeed, Plaintiff itself admits that vicarious liability actually requires "pervasive participation" in the infringing activities.

Plaintiff's Response Brief at 10. Yet, Plaintiff completely fails to allege facts that suggest SalsaIndy's acts rose to the level of "pervasive participation" in any of the alleged infringement or that SalsaIndy had any ability to control any content generated by users of the myVidster website beyond blocking access to videos that were identified as infringing. Accordingly, SalsaIndy does not have the right or ability to control any of the allegedly infringing conduct and Plaintiff's claim for vicarious infringement should be dismissed on this basis alone.

Second, Plaintiff has also failed to plead that SalsaIndy has a direct financial interest in the alleged infringement. Plaintiff acknowledges in order to show the requisite financial benefit, the complained of infringing activity must act as a "draw" for customers. Plaintiff's Response Brief at 11; *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). Indeed, Plaintiff is required to demonstrate that there is a causal relationship between the alleged infringing activity and the financial benefit the defendant receives. *Ellison*, 357 F.3d at 1079. In other words, Plaintiff must allege that customers either subscribed to the services because of the available infringing material or cancelled their subscriptions because the infringing materials were no longer available. *Id*. Plaintiff does not and cannot allege that any subscriptions or cancellations to myVidster.com took place because of the availability of allegedly infringing materials. Therefore, Plaintiff has failed to state a claim for vicarious copyright infringement on this basis as well and this claim should be dismissed.

## II. PLAINTIFF'S TRADEMARK CLAIMS ARE BASELESS.

Plaintiff has still failed to allege a crucial element of each of the trademark claims that it has brought against SalsaIndy: use in commerce. Though Plaintiff inexplicably suggests otherwise, it is long-established and axiomatic that trademark infringement requires use of the protected mark by a defendant ***in commerce***. *Telamed Corp. v. TEL-MED Inc.*, 588 F.2d 213, 216 (7th Cir. 1978) (to prevail in an action of trademark infringement, plaintiff must establish

defendant used the trademark in commerce); *Monotype Imaging* 376 F. Supp. 2d 877 (N.D. Ill. 2005) (no direct trademark infringement because the mere presence of marks on the Internet did not demonstrate whether they were used in association with any particular product or service and plaintiffs failed to meet likelihood of confusion burden absent any evidence of the requisite use); *Vulcan Golf v. Google Inc.* 552 F. Supp. 2d 752 (N.D. Ill. 2008) (Lanham Act prohibits the "use in commerce" of a registered mark and "a requirement of trademark use is implicit in the requirement that there be a likelihood of confusion for trademark infringement to occur"); *Euromarket Designs, Inc. v. Crate & Barrel Limited*, 96 F. Supp. 2d 824 (N.D. Ill. 2000); *Pure Foods, Inc. v. Minute Maid Corp.*, 214 F.2d 792 (5th Cir. 1954), *cert. denied.*, 348 U.S. 888 (1954); *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790 (6th Cir. 1957); *Iowa Farmers Union v. Farmers' Educational & Co-op. Union*, 247 F.2d 809 (8th Cir. 1957); *Dawn Donut Co. v. Hart's Food Stores*, 267 F.2d 358 (2d Cir. 1959); *Tiffany & Co. v. Boston Club, Inc.*, 231 F.Supp. 836 (D. Mass. 1964); *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117 (9th Cir. 1968), *cert. denied*, 391 U.S. 966 (1968); *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482 (5th Cir. 1971); *Kampgrounds of America, Inc. v. North Delaware A-OK Campground Inc.*, 415 F. Supp. 1288 (D. Del. 1976), *aff'd without op.*, 556 F.2d 566 (3d Cir. 1977); *Golden Door, Inc. v. Odisho*, 437 F. Supp. 956 (N.D.Cal. 1977). Here, Plaintiff fails to allege that SalsaIndy used Plaintiff's marks to sell, distribute, or advertise SalsaIndy's goods and services and has no good faith basis to make such an allegation. Therefore, Plaintiff's trademark claims are baseless under both federal and state trademark law.

## CONCLUSION

Because Plaintiff failed to properly plead all claims in its Amended Complaint, SalsaIndy respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

Date: March 22, 2011

/s/William J. Lenz
One of the Attorneys for Defendants,
Marques Rondale Gunter and SalsaIndy, LLC

William J. Lenz
Gregory J. Leighton
Kathleen E. Blouin
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
312.269.8000

**CERTIFICATE OF SERVICE**

I, Gregory J. Leighton, an attorney, state that I caused a copy of the foregoing, Memorandum in support of Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, to be served upon the following counsel of record via the Court's ECF system on March 22, 2011:

Meanith Huon
Huon Law Office
P.O. Box 441
Chicago, Illinois 60690

/s/Gregory Leighton
Gregory J. Leighton

NGEDOCS: 1776792.4