# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:10-cv-06517** |
| | ) | |
| | ) | |
| **v.** | ) | **SECOND AMENDED COMPLAINT** |
| | ) | |
| Marques Rondale Gunter | ) | |
| d/b/a | ) | **JURY TRIAL DEMANDED** |
| myVidster.com, myVidster.com, | ) | |
| Salsaindy, LLC, | ) | |
| John Does 1-26, using screen names: | ) | |
| Abank, Amaterialhag, Azzfetishfreak, | ) | |
| Blka2cutie, Bootysmell, Brod706, | ) | |
| Cmoneyw, Damon1420, Diamonds, | ) | |
| Fifthcharactermuppet, FuQnHot, | ) | |
| Iiluvbttms76, In4deep, Johnjackson, | ) | |
| Kblkmusicman, Maalik, Nellyhayes, | ) | |
| Neumagic, Nycbigdikknigg2010, | ) | |
| Onlidingding, , Phatboi01, | ) | |
| Sexy909boy, Sexyblk223, | ) | |
| Smilez, Taylormade99, Tazze_t, | ) | |
| Voxel Dot Net, Inc., | ) | |
| | ) | |
| **Defendants.** | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), by and through its attorney, Meanith Huon, and for its Second Amended Complaint against the Defendants, Marques Rondale Gunter d/b/a myVidster.com, myVidster.com, SalsaIndy, LLC, and John Does 1 through 26, and Voxel Dot Net, Inc., states as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*; for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051

*et seq.*, as amended; for false designation of origin, trade dress infringement, and unfair competition; for trademark infringement and unfair competition arising under the common law of the State of Illinois. Plaintiff brings this action to stop Defendants from infringing, and promoting, encouraging, enabling and facilitating the infringement of Plaintiff's copyrights, trademarks and trade dress (collectively "Flava Works' Intellectual Property") on the Internet.

2.       Plaintiffs bring this action to stop Defendants from continuing to encourage, enable and profit from the infringement of Plaintiffs copyrights, trademarks and trade dress on the Internet. Defendants have developed and control a network largely dedicated to the repeated and exploitative unauthorized distribution and reproduction of Plaintiffs works. Defendants provide their users with a fully integrated infrastructure that connects them to infringing digital files. The website even encourages users to infringe by storing copyrighted materials and inviting their friends to visit the site with links to the copyrighted materials. Defendants are building a business based on the daily massive infringement Defendants' conduct has caused and continues to cause Plaintiffs grave and irreparable harm.

## THE PARTIES

3.       Plaintiff is a corporation incorporated under the laws of the State of Florida with its principal place of business at 2610 N. Miami Ave., Miami, Florida 33127, and an office in Chicago, Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

4.       Defendant, Marques Rondale Gunter (hereinafter "Gunter") created, owns and operates the website Myvidster.com (hereinafter "myVidster"). Defendant, Gunter d/b/a myVidster, has created a social networking website through which site members, the Defendant John Does, among others, can bookmark and store files of copyrighted materials and videos

directly to myVidster and/or post links to third party websites on which the files are available. On information and belief, Defendant, Gunter, resides in the state of Indiana and Michigan at: 735 Lexington Avenue, Apt. 26, Indianapolis, Indiana 46203 and 21022 Reimanville Avenue, Ferndale, Michigan 48220. Defendant, myVidster.com, is a domain name and website owned by Defendant, Gunter.

5. On information and belief, Defendant, SalsaIndy, LLC is an entity formed, owned, controlled, managed and/or operated by Defendant, Gunter, in some connection with myVidster.

6. On information and belief, at all relevant times, Defendants, John Does 1-26 (hereinafter collectively "John Does" or individually "John Doe 1," "John Doe 2," etc.), are individuals and/or business entities whose real identities are currently unknown and whose whereabouts are currently unknown. On information and belief, Defendants, John Does 1-26, actively contributed to this infringement by posting files, storing videos, sharing files, and/or posting links on the site.

7. On information and belief, Voxel Dot Net, Inc. ("Voxel Dot Net"), is the domain server that hosts the website, myVidster.com.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*; pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended.

9. On information and belief, Defendants actively target the Illinois

market and consumers.

10.     This Court has jurisdiction over Defendants, because Defendants are subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.


## FACTUAL BACKGROUND

12.     Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

13.     Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

14.     Plaintiff has applied for and has registered various copyrights for its works. See attached Exhibit A for works with registered copyrights.  See attached Exhibit B works for which some copyrights may be pending.

15.     Plaintiff has several registered trademarks, and has applications pending for several others, for its various word and design marks as they are used in connection with DVDs, magazines, websites, streaming video and other forms of media featuring adult entertainment. Specifically, Plaintiff's registered trademarks include "Flavamen", "CocoStore" and "CocoDorm".  See attached Exhibit C for registered trademarks owned by Plaintiff.

16.     Plaintiff has common law trademarks in the various word and design marks mentioned above that are contained in the attached Exhibit D as used in connection with DVDs,

magazines, websites, streaming video and other forms of media featuring adult entertainment.
Specifically, Plaintiff's common law and pending trademarks include "Thugboy", "Raw Rods",
"Dorm Life", "Flava Works", "Papicock", and "Miami Uncut". See attached Exhibit D for
pending and common law trademarks owned by Plaintiff.

17.     Plaintiff is recognized nationally and internationally as a leader in the field of
production and distribution of adult entertainment due, in large part, to the goodwill and name
recognition associated with its trademarks, as well as the high quality content that is associated
with its copyrighted material.

18.     The Internet is a worldwide network of millions of computers and
computer networks that enable computer users to communicate with one another through
the transmission of information from one computer to another. Recent years have seen
the development and refinement of technologies for the reproduction and distribution of
various types of infringing files, including files containing images and motion pictures.

19.     On information and belief, Defendant, Gunter, created, owns and operates the
website, myVidster.   The registrant or owner of the website, myVidster.com, is listed as
Marques Gunter, 735 Lexington Avenue, Unit 26, Indianapolis, Indiana 46203.

20.     On information and belief, Defendant, Gunter has created a platform through
which he, or his agents, and/or members of the website  (i.e. the John Does) can and do store,
reproduce, distribute, share copyrighted material, including Flava Works' Intellectual Property in
various sections of the website.   See attached Group Exhibit E for screenshots of the websites.
Defendant, Gunter d/b/a myVidster, has created a social networking website through which site
members, the Defendants, John Does 1 through 26, among others, can bookmark and store files
of copyrighted materials and videos directly to the myVidster and/or post links to third party

websites on which the files are available.  On his website, Defendant, Gunter d/b/a myVidster promotes myVidster as "a social video bookmarking and backup service that lets you collect, share and search your videos. You can also explore video collections from other users using myVidster."  See attached Group Exhibit E for screenshots of the websites.

21.     On information and belief, Defendant, Gunter d/b/a myVidster  has created and control an extensive and integrated network that uses the Internet to connect people throughout the world and encourages and enables them to pool various types of infringing files. Defendant provide his users with the infrastructure, technological means and support and services to accomplish these infringements. Defendant is involved in and enables this process in a way that assists and facilitates his users' infringements.

22.     On information and belief, Defendant, Gunter d/b/a myVidster  has made his network available throughout the United States and the world. At any given time, an enormous number of infringing digital files are available for downloading through the Defendant's network.

23.     On information and belief, on the home page of myVidster, Defendant, Gunter, posts thumbnails of copyrighted materials and videos.  Users can repost copyrighted materials and videos on other sites like Facebook.com, Buzz.com, Digg.com or tweet the copyrighted materials using Twitter.  Users can hot-link—linking an image or video that is saved on another website instead of saving a copy of the image and loading it on to their own website—videos.

24.     On information and belief, Defendant, Gunter d/b/a myVidster, offers "online storage space for those who desire to backup their bookmark videos".   Defendant, Gunter, d/b/a myVidster sells storage space online at a cost of $3 for 5GB (300 videos), $5 for 10GB (500 videos), and $8 for 20GB (1000 videos).  On information and belief, Defendant, Gunter, d/b/a myVidster encourages users to invite others to view the videos bookmarked and stored on my

myVidster.  See attached Exhibit E.  Defendant, Gunter, d/b/a myVidster writes on his website: "While bookmarking videos can be a fun and addictive activity, it is more enjoyable in the company of like minded friends. The form below will send invites to your friends telling them about myVidster and you will be given the option to provide a link to your video collection." See attached Group Exhibit E.

25.     On information and belief, Defendant, Gunter, has developed a business model whereby members are encouraged to bookmark, store, and share copyrighted materials and videos.  By offering storage space at very low costs—20GB (1000 videos) for $8—and encouraging users to invite friends and others to view the users' online stored videos, Defendant, Gunter, d/b/a myVidster  has purposefully created a system that makes it more difficult for copyright owners to monitor the site for infringement. Defendant, Gunter, purposefully facilitates the infringement to increase traffic to the website, thereby driving up ad revenue. See attached Group Exhibit E.

26.     On information and belief, Voxel Dot Net is the domain server that hosts the website, myVidster.com.

27.     Images and content owned by the Plaintiff are uploaded by users without the permission of Plaintiff.

28.     Additionally, the copyrighted material often contains Plaintiff's trademarks and/or trade dress.  Specifically, Defendants have posted videos containing Plaintiff's registered trademarks "CocoDorm" and "Flavamen".  See attached Group Exhibit C.  Defendants' reproduction and distribution of Flava Works' intellectual property causes confusion among the general public and trade as to the origin of the infringing material. Defendants' reproduction and

distribution of Flava Works' intellectual property also creates the false representation that Flava Works is associated with or approves of the site myVidster.com.

29.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Dorm Life 14.  See attached Group Exhibit F.

30.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Flavamen Junior Year.  See attached Group Exhibit F.

31.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Miami Uncut.  See attached Group Exhibit F.

32.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Nightmare on Elmo Street.  See attached Group Exhibit F.

33.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 2.  See attached Group Exhibit F.

34.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 3.  See attached Group Exhibit F.

35.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 4.  See attached Group Exhibit F.

36.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 6.  See attached Group Exhibit F.

37.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Thugs 2.  See attached Group Exhibit F.

38.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Santo Domingo 4.  See attached Group Exhibit F.

39.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie:  Snow Ballerz 2.  See attached Group Exhibit F.

40.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Snow Ballerz 4.  See attached Group Exhibit F.

41.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Swaggers 2.  See attached Group Exhibit F.

42.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Thugboy 4.  See attached Group Exhibit F.

43.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Tyson That Good Dick.  See attached Group Exhibit F.

44.     In addition, Defendants have posted material containing Plaintiff's common law trademarks "Raw Rods", "Papicock", "Flava Works".  See attached Group Exhibit F.

45.     Many users of myVidster  have posted material that infringes Flava Works' Intellectual Property. The most frequent contributors have been named in this complaint as John Does 1-26.

46.     A search of Flava Works' registered trademark "CocoDorm" on myVidster produces a result of 219 postings. See attached Group Exhibit G.

47.     A search of Flava Works' common law trademark "Dorm Life" on myVidster produces a result of 1722 postings.  See attached Group Exhibit G.

48.     A search of Flava Works' registered trademark "Flavamen"  on myVidster produces a result of 12466 postings.  See attached Group Exhibit G.

49.      A search of Flava Works' common law  trademark "Miami Uncut"  on myVidster produces a result of 1572 postings.  See attached Group Exhibit G.

50.     A Google search of "MyVidster.com" and "CocoDorm" produces 110 results. See attached Group Exhibit G.

51.     A Google search of "MyVidster.com" and "Thugboy" produces 117 results.   See attached Group Exhibit G.

52.     A Google search of "MyVidster.com" and "Papicock" produces 200 results.   See attached Group Exhibit G.

53.     A Google search of "MyVidster.com" and "Dorm Life" produces 132 results. See attached Group Exhibit G.

54.     On or about May 12, 2010, Plaintiff became aware of the infringing activities that take place on the website. On or about May 12, 2010, Plaintiff sent via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notice"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit H for a copy of the DMCA takedown notice.   The myVidster website continued to be updated with more and more infringing material from its members.

55.     On or about July 20, 2010, Plaintiff sent, via U.S. Mail and email to  Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a second takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit I for a copy of the DMCA takedown notice. The myVidster website continued to be updated with more and more infringing material from its members.

56.     On or about August 21, 2010, Plaintiff sent via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a third  takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently.

See attached Exhibit J for a copy of the DMCA takedown notice. The myVidster website continued to be updated with more and more infringing material from its members.

57.     On or about September 22, 2010, Plaintiff sent via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a third takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit K for a copy of the DMCA takedown notice. The myVidster website continued to be updated with more and more infringing material from its members.

58.     On or about December 2, 2010, Plaintiff sent, via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Voxel Dot Net a takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit L for a copy of the DMCA takedown notice.

59.     On or about December 5, 2010, Plaintiff sent, via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Voxel Dot Net a takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit M for a copy of the DMCA takedown notice.

60.     On or about December 9, 2010, Plaintiff sent, via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Voxel Dot Net a takedown notice pursuant to

17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit N for a copy of the DMCA takedown notice.

61.    On information and belief, at all relevant times, Defendant, Gunter d/b/a myVidster took no action toward stopping, reprimanding, or banning these repeat infringers. The online storage or shared storage feature of myVidster allows users to backup infringing material and to share it publicly with others.  The original user and others can re-upload and redistribute  and backup the infringing material. myVidster does not have in place any filters or identifiers to prevent the continuing and egregious infringement. For this reason, myVidster is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA. Defendant, Gunter, as myVidster's alter ego, remains liable for any and all infringement for which myVidster is directly and/or indirectly responsible.

62.    On information and belief, at all relevant times, Defendant, Voxel Dot Net took no action toward stopping, reprimanding, or banning these repeat infringers.  For this reason, Voxel Dot Net is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA.

63.    On information and belief, Defendant, Gunter, has not designated a DMCA Agent for  myVidster to receive notice for claimed infringement as required by 17 U.S.C. § 512(c)(2), and therefore Defendant, Gunter, as myVidster's alter ego, remains liable for any and all infringement for which it is directly and/or indirectly responsible. See

http://www.copyright.gov/onlinesp/list

64.     On information and belief, Defendant, Gunter d/b/a myVidster facilitates and encourages the aforesaid postings to his website willfully and with full knowledge and awareness of Plaintiff's ownership of Flava Works' Intellectual Property.   On information and belief, Defendant, Gunter, encourages and facilitates the distribution of Flava Works' Intellectual Property to the public at large via myVidster  to  increase myVidster's traffic and, thereby, increasing myVidster's revenue.

65.     On information and belief, Defendants' use of Plaintiff's trademarks and trade dress is confusingly similar to Plaintiff's trademarks. Plaintiff's trademarks are prominently displayed to entice consumers.

66.     On information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiff.

67.     Through the Defendants' conduct, Plaintiff has suffered and continues to suffer damage to its reputation and good will through the unauthorized use, reproduction and distribution of Flava Works' Intellectual Property.

68.     Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through their respective trade dress, copyright and trademarks unless Defendants are restrained by this Court.

69.     Plaintiff will continue to suffer loss of profits and damage to its good will and reputation unless Defendants are restrained and enjoined by this Court.

70.    Plaintiff has no adequate remedy at law.

71.    Through Defendants' conduct, Plaintiff has suffered and continues to suffer the loss of the profits it has the right to realize through the use, reproduction and distribution of Flava Works' Intellectual Property.

71.    Plaintiff cannot be made whole unless this Court awards Plaintiff damages for Defendants' unauthorized use, reproduction and distribution of Flava Works' Intellectual Property.

## COUNT I

**(The Court gave Plaintiff until June 1, 2011 to amend its complaint.  Plaintiff is only amending Count III at this time.)**

**(Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)**

1-71.    Plaintiff incorporates and re-alleges paragraphs 1-66 of this Complaint as paragraphs 1-71 of Count I.

72.    Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

73.    Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

74.    Instances of copyright infringement occur whenever one of Defendants user, without authorization of the copyright owner, uses Defendants' network to download a copyrighted content file and/or images. Such acts constitute unauthorized reproduction and distribution and result in unauthorized copies. Defendants participate in, facilitate, materially contribute to and encourage these infringements.

75.     Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

76.     As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

### (Contributory Copyright Infringement.)

1-71.    Plaintiff incorporates and re-alleges paragraphs 1-34 of this Complaint as paragraphs 1-71 of Count II.

72.     Defendant, Gunter, d/b/a myVidster provides the mechanism through which numerous individuals or entities, including John Does 1-26, without authorization, reproduced and distributed Flava Works' Intellectual Property thereby directly infringing on those copyrighted works.

73.      On information and belief, Defendant, Gunter, d/b/a myVidster had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

74.     On information and belief, Defendant, Gunter, d/b/a myVidster aided, abetted, allowed, encouraged and otherwise materially contributed to helping those individuals to reproduce and distribute Flava Works' Intellectual Property through his website without regard to copyright ownership.

75.     On information and belief, Defendant, Gunter, d/b/a myVidster received direct financial benefits from the infringements by increasing its website traffic and generating revenue from storage fees.

76.     On information and belief, at all relevant times, Defendant, Voxel Dot Net took no action toward stopping, reprimanding, or banning these repeat infringers.  For this reason, Voxel Dot Net is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA.

77.     Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

78.     As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.


## COUNT III

### (Vicarious Copyright Infringement.)

1-71.   Plaintiff incorporates and re-alleges paragraphs 1-71 of this Complaint as paragraphs 1-71 of Count III.

72.     Defendant, Gunter, d/b/a myVidster provides the mechanism through which numerous individuals or entities, including John Does 1-26, without authorization, reproduced and distributed Flava Works' Intellectual Property thereby directly infringing on those copyrighted works.

73.     On information and belief, Defendant, Gunter, d/b/a myVidster had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

74.     On information and belief, Defendant, Gunter, d/b/a myVidster   received direct financial benefits from the infringements by increasing its website traffic and  generating revenue from storage fees.

75.     On information and belief, at all relevant times, Defendant, Voxel Dot Net took no action toward stopping, reprimanding, or banning these repeat infringers.  For this reason, Voxel Dot Net is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA.

76.     On information and belief, Defendants has reserved the right or has the right to control access to the myVidster system, but has failed to police its virtual premise.

77.     On information and belief, Defendants have the right and ability to supervise myVidster users pursuant to the terms of service.

78.     On information and belief, Defendant, myVidster, has a filtering and flagging system that can be used to filter or flag infringing materials but Defendant has refused to use this system with respect to infringing materials.

79.     The availability of infringing material on myVidster is a draw for its customers.

80.     The presence of infringing material on the site enhances the site's attractiveness or draws customers.

81.     Defendants' conduct constitutes vicarious copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

82.     As a result of the injury suffered by Plaintiff's business from Defendants' actions of vicarious copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count IV

**(The Court gave Plaintiff until June 1, 2011 to amend its complaint.  Plaintiff is only amending Count III at this time.).**

### (Inducement of Copyright Infringement.)

1-71.    Plaintiff incorporates and re-alleges paragraphs 1-71 of this Complaint as paragraphs 1-71 of Count IV.

72.     Defendant, Gunter, d/b/a myVidster provides the mechanism through which numerous individuals or entities, including John Does 1-26, without authorization, reproduced and distributed Flava Works' Intellectual Property thereby directly infringing on those copyrighted works.

73.     By offering online storage space for those who desire to backup their bookmark videos and encouraging users to share their videos, Defendant, Gunter, d/b/a myVidster intentionally induced the John Does, among others, to infringe Flava Works' Intellectual Property.

74.     On information and belief, Defendant, Gunter, d/b/a myVidster   had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

75.     On information and belief, Defendant, Gunter, d/b/a myVidster  received direct financial benefits from the infringements by increasing its website traffic and generating revenue from storage fees.

76.     Defendants' conduct constitutes inducement copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

77.     As a result of the injury suffered by Plaintiff's business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count V

**(False Designation of Origin.)**

**(The Court gave Plaintiff until June 1, 2011 to amend its complaint.  Plaintiff is only amending Count III at this time.)**

1-71.   Plaintiff incorporates and re-alleges paragraphs 1-71 of this Complaint as paragraphs 1-71 of Count V.

72.     By engaging in the activities above, Defendant, Gunter d/b/a myVidster has caused,  is causing or is likely to cause, confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection or association between Plaintiff and myVidster as to the origin, sponsorship or approval of Plaintiff over Defendant, Gunter's, website(s).

73.     Defendant, Gunter, d/b/a myVidster  has made and is making false, deceptive and misleading representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     Defendants' activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, IS U.S.C § 1 I 25(a).

75.     Defendants' use of Plaintiffs' trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendants.

76.     Defendants' conduct  have caused irreparable injury to Plaintiff's good will and reputation and, unless enjoined by this court, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law.  In the alternative, as a result of the injury suffered by Plaintiff's business from Defendants, Plaintiff is entitled to recover statutory damages in an amount equal to threefold the actual damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees.

## Count VI

**(The Court gave Plaintiff until June 1, 2011 to amend its complaint.  Plaintiff is only amending Count III at this time.)**

**(Trademark and Trade Dress Infringement.)**

1-71.   Plaintiff incorporates and re-alleges paragraphs 1-71 of this Complaint as paragraphs 1-71 of Count VI.

72.     Defendants conduct is likely to cause confusion, to cause mistake, or to deceive the relevant trade and public as to the source of Flava Works' Intellectual Property.

73.     Defendants' conduct constitutes trademark and trade dress infringement and is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1114.

74.     Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiff when in fact they are not.

75.     Defendants' acts described above have caused irreparable injury to Plaintiff's good will and reputation and, unless enjoined by this court, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law.  In the alternative, as a result of the injury suffered by Plaintiff's business from Defendants' actions, Plaintiff is entitled to recover statutory damages in an amount equal to threefold the actual damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees.

## Count VII

**(The Court gave Plaintiff until June 1, 2011 to amend its complaint.  Plaintiff is only amending Count III at this time.)**

**(Common Law Trademark Infringement and Unfair Competition.)**

1-71.   Plaintiff incorporates and re-alleges paragraphs 1-71 of this Complaint as paragraphs 1-71 of Count VII.

72.     Defendant, Gunter's, conduct is likely to cause confusion, to cause mistake, and/or to deceive the relevant trade and public as to the existence of an affiliation, connection or association between Plaintiff and Defendant as to the origin, sponsorship or approval of Plaintiff over Defendant's website(s).

73.     Defendant, Voxel Dot Net's, conduct is likely to cause confusion, to cause mistake, and/or to deceive the relevant trade and public as to the existence of an affiliation, connection or association between Plaintiff and Defendant as to the origin, sponsorship or approval of Plaintiff over Defendant's website(s).

74.     Defendants' acts constitute common law trademark infringement and unfair competition under the laws of the State of Illinois.

75.      Defendants' acts described above have caused irreparable injury to Plaintiff's good will and reputation and, unless enjoined by this court, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law. In the alternative, as a result of the injury suffered by Plaintiff's business from Defendants' actions, Plaintiff is entitled to recover damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1.     A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendants, Marques Rondale Gunter d/b/a myVidester.com, SalsaIndy, LLC, John Does 1 through 26, and Voxel Dot Net.

2.     For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies,

partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

 a.     Restraining and enjoining Defendants from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

b.     Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

c.     Restraining and enjoining Defendants from doing any other act, through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d.     Restraining and enjoining Defendants from otherwise Using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

     e.     Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

     f.     Restraining and enjoining Defendants from otherwise Using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants' website;

     g.     Restraining and enjoining Defendants from otherwise doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected  associated with Plaintiff, or Plaintiff's business;

     h.     Restraining and enjoining Defendants from otherwise unfairly competing with plaintiffs in any manner.

3.     Requiring Defendants  to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4.     Requiring Defendants to cease operation of the website domain myVidster.com and to  transfer ownership of myVidster.com immediately to Plaintiff;

5.     Disgorging Defendants of any profits they may have made as a result of his infringement of Flava Works' Intellectual Property;

6.     Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendants' infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

7.      Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendants;

8.      Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

9.      Awarding Plaintiff statutory damages pursuant to the Copyright Act and the Lanham Act;

10.     Awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

11.     Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files bearing any of Plaintiff's trademarks;

12.     Requiring Defendants to deliver up for destruction all DVDs, DVD covers, labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the name or mark of any of the Plaintiff's trademarks or any other reproduction, counterfeit, copy or colorable imitation of the Plaintiff's trademarks.

13.     Awarding trebled damages for Defendants' infringement of Plaintiff's trademarks and copyrights.

14.     Awarding punitive damages.

15.     Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable by jury in this action,

pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: May 16, 2011                                    Respectfully Submitted,


By: /s/ Meanith Huon /s/
Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, IL 60690
312-405-2789

Flava Works, Inc.
933 W. Irving Pk. Rd., Ste. C
Chicago, IL 60613

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of May 2011 I caused to be served a true and correct copy of the foregoing Notice of Plaintiff's Second Amended Complaint by causing copies of same to be served to electronically on all counsel of record for all parties.

Respectfully submitted,
<u>/s/ Meanith Huon</u>
Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996