**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Flava Works, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Honorable John F. Grady |
| v. ) | |
| ) | Case No. 1:10-cv-06517 |
| Marques Rondale Gunter d/b/a myVidster.com, ) | |
| SalsaIndy, LLC, John Does 1-26, Voxel Dot Net, ) | JURY TRIAL DEMANDED |
| Inc., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RENEWED MOTION TO DISMISS
COUNTS III-VII OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Marques Rondale Gunter d/b/a myVidster.com and SalsaIndy, LLC (collectively "SalsaIndy") hereby renews its motion to dismiss Counts III-VII of Plaintiff Flava Work's Third Amended Complaint on the ground that Plaintiff still has failed to state a claim upon which relief can be granted. Plaintiff's Third Amended Complaint fails to address the deficiencies of Plaintiff's Amended Complaint, which the Court highlighted in its May 10, 2011 Memorandum Opinion. Despite a clear indication from the Court that this case is simply not a trademark case, Plaintiff has again reasserted the trademark claims without a good faith basis to even plausibly suggest Defendant used Plaintiff's marks in commerce. Moreover, Plaintiff merely formulaically recites the Court's proposed language in Plaintiff's Third Amended Complaint without further alleging facts to support its vicarious and inducement of copyright infringement claims. Plaintiff's claims should therefore be dismissed.[1]

---

[1] In addition, Plaintiff's behavior warrants the imposition of the attorney fees and costs SalsaIndy has incurred in responding to these frivolous claims.

I. **PLAINTIFF HAS NOT CURED ITS DEFICIENT VICARIOUS AND INDUCEMENT OF COPYRIGHT INFRINGEMENT CLAIMS.**

A. <u>**Plaintiff Again Fails To Properly Plead Its Vicarious Copyright Infringement Claim.**</u>

Plaintiff again fails to allege the core elements in its claim for vicarious copyright infringement. Plaintiff has not alleged that SalsaIndy at all material times possessed the right and ability to supervise the allegedly infringing conduct and had a direct financial interest in the allegedly infringing activity. *QSRSoft, Inc. v. Restaurant Tech., Inc.*, 2006 WL 3196928, *4 (N.D. Ill. Nov. 2, 2006), *citing In re Aimster Copyright Litig.*, 334 F.3d 643, 654 (7th Cir. 2003).

As the Court noted in its May 10, 2011 Memorandum Opinion, Plaintiff must allege more than SalsaIndy's mere ownership and operation of the myVidster website to sufficiently allege the "right and ability to control" element of vicarious copyright infringement. Plaintiff's suggestion that Defendant has a filtering and flagging system in no way equates to Defendant's right and ability to control any allegedly infringing conduct on its system. Defendant merely allows a user of myVidster.com to "flag" content on the site, which identifies to Defendant that the flagged link is currently inoperable or is a link to adult content. This flagging system, however, does not in any way allow Defendant to pre-screen, edit, or otherwise participate in the posting or sharing of the content. All use of the content on the myVidster website is at the direction of the user, absent any right and ability to control on the part of Defendant, and Plaintiff has failed to allege facts that suggest otherwise.

Second, Plaintiff merely tenders another inadequate formulaic recitation of the law regarding a direct financial interest. Plaintiff must allege facts to suggest that the complained of infringing activity is a "draw" for customers. *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). Therefore, Plaintiff must demonstrate that there is a causal relationship between the allegedly infringing activity and a financial benefit SalsaIndy receives. *Id*. at 1079. Plaintiff has

failed to make allegations that would demonstrate this. The Court noted that Defendant did not allege in its Amended Complaint that the presence of infringing material on the site enhances the site's attractiveness or draws customers. In an attempt to cure this deficiency, Plaintiff merely uses the Court's exact language and offers the following conclusory allegations: "[t]he availability of infringing material on myVidster is a draw for its customers. . . The presence of infringing material on the site enhances the site's attractiveness or draws customers." Plaintiff's Third Amended Complaint, ¶¶ 137-138. The Supreme Court, however, has deemed these types of legal conclusions, which are couched as factual allegations, wholly inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (complaint must contain "more than labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action"). Therefore, Plaintiff's Count III of its Third Amended Complaint should be dismissed with prejudice.

      **B.**     **<u>Plaintiff's Third Amended Complaint Fails to Remedy Glaring Deficiencies in its Inducement of Copyright Infringement Claim.</u>**

Yet again, Plaintiff fails to remedy its deficient inducement of copyright infringement claim despite the clearly defined Supreme Court standard and guidance from this Court in its Memorandum Opinion. Plaintiff cannot simply allege facts sufficient to plead inducement of copyright infringement, and therefore, Count IV of Plaintiff's Third Amended Complaint should be dismissed with prejudice.

Both this Court and the Supreme Court have clearly stated that an inducement of copyright infringement claim requires that a defendant, such as SalsaIndy, "distribute a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Metro Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 936 (2005). Plaintiff has utterly failed to make the requisite allegations. Plaintiff

3

merely added a paragraph to its Third Amended Complaint repeating what Mr. Gunter described as four reasons to use myVidster.com in his blog. Plaintiff's Third Amended Complaint, ¶ 132. Not a single reason, however, suggests that myVidster.com could or should be used to infringe, and certainly, does not manifest a clear expression or other affirmative steps taken by Mr. Gunter to promote infringement on myVidster.com. Plaintiff makes no other allegations that would support the assertion that SalsaIndy was intentionally and actively encouraging others to infringe Plaintiff's copyrights. Accordingly, Plaintiff's inducement claim is deficient and should be dismissed with prejudice.

## II. PLAINTIFF'S REASSERTION OF ITS TRADEMARK CLAIMS IS FRIVOLOUS.

As the Court has acknowledged, it is long-established and axiomatic that trademark infringement requires use of the protected mark by a defendant *in commerce*. Here, Plaintiff inexplicably suggests that SalsaIndy used Flava Works' trademarks in commerce because it employs an indexing system that allows users to locate Flava Works' videos on myVidster.com. These allegations, however, wholly fail to allege a use in commerce, or in other words, that SalsaIndy used Plaintiff's marks to sell, distribute, or advertise SalsaIndy's goods and services. Plaintiff at no point has had a good faith basis to make such an allegation. Moreover, the proceedings thus far in conjunction with the Court's Memorandum Opinion have if anything, served to make clear to Plaintiff that SalsaIndy does not use Plaintiff's marks in a manner that would support a trademark infringement claim. Plaintiff has now had extensive opportunities to investigate the myVidster.com website as well as take the deposition of Mr. Gunter and hear testimony at the preliminary injunction hearing in this matter. It has become abundantly clear that SalsaIndy does not use Plaintiff's trademarks in any way that would support a trademark

claim under the Lanham Act or Illinois law. Therefore, Plaintiff's frivolous trademark claims are under both federal and state trademark law should be dismissed with prejudice.[2]

## CONCLUSION

Because Plaintiff failed again to properly plead Counts III-VII in its Third Amended Complaint, SalsaIndy respectfully requests that the Court dismiss Counts III-VII in Plaintiff's Third Amended Complaint with prejudice.

                                            Respectfully submitted,

Date: June 22, 2011                    /s/Gregory J. Leighton
                                            One of the Attorneys for Defendants,
                                            Marques Rondale Gunter and SalsaIndy, LLC

William J. Lenz
Gregory J. Leighton
Kathleen E. Blouin
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
312.269.8000

---

[2] Indeed Plaintiff's lack of a good faith basis to bring such claims justifies the grant of attorneys fees and costs to SalsaIndy to remedy the financial burden SalsaIndy bore responding to these frivolous claims.

## CERTIFICATE OF SERVICE

I, Gregory J. Leighton, an attorney, state that I caused a copy of the foregoing, Defendants' Renewed Motion to Dismiss Counts III-VII of Plaintiff's Third Amended Complaint, to be served upon the following counsel of record via the Court's ECF system on June 22, 2011:

>Meanith Huon
>Huon Law Office
>P.O. Box 441
>Chicago, Illinois 60690

>/s/Gregory Leighton
>Gregory J. Leighton

NGEDOCS: 1818699.1