# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | **DEFENDANT** |
| | ) | **VOXEL DOT NET, INC.'S ANSWER &** |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | No. 10-cv-06517 |
| | ) | |
| MARQUES RONDALE GUNTER | ) | The Hon. John F. Grady |
| dba MYVIDSTER.COM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT VOXEL DOT NET, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

For its answer to the Plaintiff's Third Amended Complaint, Defendant Voxel Dot Net, Inc. ("Voxel") states the following:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.; for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*., as amended; for false designation of origin, trade dress infringement, and unfair competition; for trademark infringement and unfair competition arising under the common law of the State of Illinois. Plaintiff brings this action to stop Defendants from infringing, and promoting, encouraging, enabling and facilitating the infringement of Plaintiff's copyrights, trademarks and trade dress (collectively "Flava Works' Intellectual Property") on the Internet.

**ANSWER:**    To the extent the allegations in Paragraph 1 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore,

denies them. Additionally, Defendant Voxel specifically denies any wrongdoing, and specifically denies infringing the Plaintiff's copyrights, trademarks, and trade dress ("Flava Works' Intellectual Property"). Further, Defendant Voxel denies promoting, encouraging, enabling and facilitating the infringement of Flava Works' Intellectual Property.

2. Plaintiffs bring this action to stop Defendants from continuing to encourage, enable and profit from the infringement of Plaintiffs copyrights, trademarks and trade dress on the Internet. Defendants have developed and control a network largely dedicated to the repeated and exploitative unauthorized distribution and reproduction of Plaintiffs works. Defendants provide their users with a fully integrated infrastructure that connects them to infringing digital files. The website even encourages users to infringe by storing copyrighted materials and inviting their friends to visit the site with links to the copyrighted materials. Defendants are building a business based on the daily massive infringement Defendants' conduct has caused and continues to cause Plaintiffs grave and irreparable harm.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to why the Plaintiff has brought this action. In all other respects, Defendant Voxel denies the allegations and averments found in Paragraph 2.

## THE PARTIES

3. Plaintiff is a corporation incorporated under the laws of the State of Florida with its principal place of business at 2610 N. Miami Ave., Miami, Florida 33127, and an office in Chicago, Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

2

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 3 and, therefore, denies them.


4.    Defendant, Marques Rondale Gunter (hereinafter "Gunter") created, owns and operates the website Myvidster.com (hereinafter "myVidster"). Defendant, Gunter d/b/a myVidster, has created a social networking website through which site members, the Defendant John Does, among others, can bookmark and store files of copyrighted materials and videos directly to myVidster and/or post links to third party websites on which the files are available. On information and belief, Defendant, Gunter, resides in the state of Indiana and Michigan at: 735 Lexington Avenue, Apt. 26, Indianapolis, Indiana 46203 and 21022 Reimanville Avenue, Ferndale, Michigan 48220. Defendant, myVidster.com, is a domain name and website owned by Defendant, Gunter.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 4 and, therefore, denies them.


5.    On information and belief, Defendant, SalsaIndy, LLC is an entity formed, owned, controlled, managed and/or operated by Defendant, Gunter, in some connection with myVidster.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 5 and, therefore, denies them.

3

6.      On information and belief, at all relevant times, Defendants, John Does 1-26 (hereinafter collectively "John Does" or individually "John Doe 1," "John Doe 2," etc.), are individuals and/or business entities whose real identities are currently unknown and whose whereabouts are currently unknown. On information and belief, Defendants, John Does 1-26, actively contributed to this infringement by posting files, storing videos, sharing files, and/or posting links on the site.

   **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 6 and, therefore, denies them.

7.      On information and belief, Voxel Dot Net, Inc. ("Voxel Dot Net"), is the domain server that hosts the website, myVidster.com. at all relevant times

   **ANSWER:** In answer to Paragraph 7 of the Plaintiff's First Amended Complaint, Defendant Voxel denies all the allegations and averments found in Paragraph 7 of the First Amended Complaint.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*; pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended.

   **ANSWER:** The allegations in Paragraph 8 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.

9.    On information and belief, Defendants actively target the Illinois market and consumers.

> **ANSWER:**    In answer to Paragraph 9 of the Plaintiff's Third Amended Complaint, Defendant Voxel denies all the allegations and averments found in Paragraph 9 of the Third Amended Complaint.

10.    This Court has jurisdiction over Defendants, because Defendants are subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

> **ANSWER:**    The allegations in Paragraph 10 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.

11.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

> **ANSWER:**    The allegations in Paragraph 11 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.

## **FACTUAL BACKGROUND**

## **PLAINTIFF FLAVA WORKS, INC.**

12.     Plaintiff is a corporation that produces adult entertainment in the form of DVDs,

magazines, websites, pictures, streaming video and various other media.

>    **ANSWER:**     Defendant Voxel lacks sufficient knowledge and information to
>
>    answer the allegations and averments in Paragraph 12 and, therefore, denies them.

13.     Plaintiff distributes its adult entertainment through various distributors and

licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com,

www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

>    **ANSWER:**     Defendant Voxel lacks sufficient knowledge and information to
>
>    answer the allegations and averments in Paragraph 13 and, therefore, denies
>
>    them.

14.     Plaintiff has applied for and has registered various copyrights for its works. See

attached Exhibit A for works with registered copyrights. See attached Exhibit B works for which

some copyrights may be pending.

>    **ANSWER:**     Defendant Voxel lacks sufficient knowledge and information to
>
>    answer the allegations and averments in Paragraph 14 and, therefore, denies
>
>    them.

15. Plaintiff has several registered trademarks, and has applications pending for several others, for its various word and design marks as they are used in connection with DVDs, magazines, websites, streaming video and other forms of media featuring adult entertainment. Specifically, Plaintiff's registered trademarks include "Flavamen", "CocoStore" and "CocoDorm". See attached Exhibit C for registered trademarks owned by Plaintiff.

> **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 15 and, therefore, denies them.

16. Plaintiff has common law trademarks in the various word and design marks mentioned above that are contained in the attached Exhibit D as used in connection with DVDs, magazines, websites, streaming video and other forms of media featuring adult entertainment. Specifically, Plaintiff's common law and pending trademarks include "Thugboy", "Raw Rods", "Dorm Life", "Flava Works", "Papicock", and "Miami Uncut". See attached Exhibit D for pending and common law trademarks owned by Plaintiff.

> **ANSWER:** To the extent the allegations in Paragraph 16 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Further, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 16 and, therefore, denies them.

17.     Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 17 and, therefore, denies them.

## THE INTERNET

18.     The Internet is a worldwide network of millions of computers and computer networks that enable computer users to communicate with one another through the transmission of information from one computer to another. Recent years have seen the development and refinement of technologies for the reproduction and distribution of various types of infringing files, including files containing images and motion pictures.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 18 and, therefore, denies them.

19.     Most of the internet is freely accessible by the public.  Many websites are freely

accessible by the public.  On or about May 26, 2011, web leaders at the G8 summit, which brings

leaders from various countries together, pushed for a free internet.  See

http://www.thehostingnews.com/web-leaders-push-for-free-internet-at-g8-18203.html

>    **ANSWER:**    Defendant Voxel admits many websites can be accessed free of
>
>    charge.  Defendant Voxel lacks sufficient knowledge and information to answer
>
>    the remaining allegations and averments in Paragraph 19 and, therefore, denies
>
>    them.

## DEFENDANT, MYVIDSTER.COM

20.     On information and belief, Defendant, Gunter, created, owns and operates the

website, myVidster.com.  The registrant or owner of the website, myVidster.com, is listed as

Marques Gunter, 735 Lexington Avenue, Unit 26, Indianapolis, Indiana 46203.   Defendant

Gunter is the sole owner, employee and programmer at myVidster.com.

>    **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to
>
>    answer the allegations and averments in Paragraph 20 and, therefore, denies
>
>    them.

21.     On information and belief, Defendant, Gunter has created a platform through

which he, or his agents, and/or members of the website (i.e. the John Does) can and do store,

reproduce, distribute, share copyrighted material, including Flava Works' Intellectual Property in

various sections of the website. See attached Group Exhibit E for screenshots of the websites.

Defendant, Gunter d/b/a myVidster, has created a social networking website through which site members, the Defendants, John Does 1 through 26, among others, can bookmark and store files of copyrighted materials and videos directly to the myVidster and/or post links to third party websites on which the files are available. On his website, Defendant, Gunter d/b/a myVidster promotes myVidster as "a social video bookmarking and backup service that lets you collect, share and search your videos. You can also explore video collections from other users using myVidster." See attached Group Exhibit E for screenshots of the websites.

> **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 21 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing

22. On information and belief, Defendant, Gunter d/b/a myVidster has created and control [sic] an extensive and integrated network that uses the Internet to connect people throughout the world and encourages and enables them to pool various types of infringing files. Defendant provide [sic] his users with the infrastructure, technological means and support and services to accomplish these infringements. Defendant is involved in and enables this process in a way that assists and facilitates his users' infringements.

> **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 22 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

23.     On information and belief, Defendant, Gunter d/b/a myVidster has made his network available throughout the United States and the world. At any given time, an enormous number of infringing digital files are available for downloading through the Defendant's network.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 23 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

24.     On information and belief, on the home page of myVidster, Defendant, Gunter, posts thumbnails of copyrighted materials and videos. Users can repost copyrighted materials and videos on other sites like Facebook.com, Buzz.com, Digg.com or tweet the copyrighted materials using Twitter. Users can hot-link—linking an image or video that is saved on another website instead of saving a copy of the image and loading it on to their own website—videos.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 24 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

25.     On information and belief, Defendant, Gunter d/b/a myVidster, offers "online storage space for those who desire to backup their bookmark videos". Defendant, Gunter, d/b/a myVidster sells storage space online at a cost of $3 for 5GB (300 videos), $5 for 10GB (500 videos), and $8 for 20GB (1000 videos). On information and belief, Defendant, Gunter, d/b/a myVidster encourages users to invite others to view the videos bookmarked and stored on my myVidster. See attached Exhibit E. Defendant, Gunter, d/b/a myVidster writes on his website: "While bookmarking videos can be a fun and addictive activity, it is more enjoyable in the

company of like minded friends. The form below will send invites to your friends telling them about myVidster and you will be given the option to provide a link to your video collection." See attached Group Exhibit E.

> **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 25 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

26. On information and belief, Defendant, Gunter, has developed a business model whereby members are encouraged to bookmark, store, and share copyrighted materials and videos. By offering storage space at very low costs—20GB (1000 videos) for $8—and encouraging users to invite friends and others to view the users' online stored videos, Defendant, Gunter, d/b/a myVidster has purposefully created a system that makes it more difficult for copyright owners to monitor the site for infringement. Defendant, Gunter, purposefully facilitates the infringement to increase traffic to the website, thereby driving up ad revenue. See attached Group Exhibit E.

> **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 26 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

## DEFENDANT VOXEL DOT NET

27. On information and belief, Voxel Dot Net is the domain server that hosts the website, myVidster.com.

**ANSWER:**    In answer to Paragraph 27 of the Plaintiff's Third Amended Complaint, Defendant Voxel denies all the allegations and averments found in Paragraph 27 of the Third Amended Complaint.

## REPEAT INFRINGERS JOHN DOES 1-26

28.    Defendants, John Does 1-26 are repeat infringers of myVidster.com users who caused copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 28 and, therefore, denies them.

## NO REPEAT INFRINGER POLICY

29.    Defendant, myVidster.com, has no repeat infringer policy. Defendant, Gunter, will not investigate a user for repeat infringement if the copyrighted video or material is available publicly on the Internet.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 29 and, therefore, denies them.

30.    Defendant, myVidster.com, has approximately 25 paid subscribers, who can make backup copies of copyrighted videos—approximately the same number of repeat infringers.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 30 and, therefore, denies them.

31. Defendant, Gunter, has only investigated one repeat infringer in the entire time that the website has been running, despite receiving numerous DMCA from Plaintiff and other film studios.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 31 and, therefore, denies them.

32. The repeat infringers post copyrighted videos of Plaintiff that generates traffic to the website, myVidster.com. The increased traffic generate [sic] more revenue for Defendant, myVidster.com, in the form of advertising revenue.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 32 and, therefore, denies them.

33. On information and belief, Defendant, myVidster.com, has allowed, permitted, and/or encouraged the John Does 1-26 to continue posting copyrighted materials to attract more users who are potential paid subscribers and to generate more traffic. On information and belief, the web traffic on myVidster.com has increased dramatically since Defendants have begun posting copyrighted films and works of the Plaintiff.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 33 and, therefore, denies them.

34. Defendants have never shut down the account of any repeat infringer.

**ANSWER:** Defendant Voxel does not understand the term "repeat infringer" as used in this Complaint, because this term is undefined and therefore must deny the allegations and averments in Paragraph 34. Defendant Voxel admits terminating accounts that have violated its terms of use and/or policies. That being said, as to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 34 and, therefore, denies them.

## INFRINGING PURPOSE OF MYVIDSTER.COM

35. On information and belief, Defendant, Gunter, posted an entry on the myVidster.com blog expressing Defendants' infringing purpose.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 35 and, therefore, denies them.

36.     On information and belief, on the same blog, Defendant, Gunter, posted other entries on how to infringe on copyrighted materials.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 36 and, therefore, denies them.

37.     On information and belief, Defendant, Gunter, wrote that four reasons to use myVidster.com are: 1. Video backup bypasses YouTube videos that are private or have disable embedded; 2. Video backup bypasses video host through blog's hotlinking; 3. Video backup works for a variety of video hosts other than YouTube; 4. Never fearing that your online videos will get removed by the video host.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 37 and, therefore, denies them.

38.     On information and belief, Defendant, Gunter, gave instructions to users on how to add a plug-in for the Firefox browser that would allow users to surf the internet and copy and post copyrighted videos that are private or that have been disabled from being copied.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 38 and, therefore, denies them.

39.     Defendant, Gunter, has a favorite page on myVidster.com. The favorite page is used to give an example to users on how to set up a favorite page and to encourage users to create a favorite page.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 39 and, therefore, denies them.

40.     Defendant, Gunter's, favorite page, Defendant, Gunter, posted copyrighted films, including a full-length film of the Star Trek movie, Crank 2, and other copyrighted films and music videos.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 40 and, therefore, denies them.

41.     Defendant, Gunter's, policy is that he cannot determine whether or not a film or video or material is copyrighted.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 41 and, therefore, denies them.

42.     Defendant, Gunter's, policy is that a film or movie or image or material is not copyrighted if the aforesaid work is publicly accessible on the Internet.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 42 and, therefore, denies them.

## INDEXING OF COPYRIGHTED WORKS

43. Defendants use Plaintiff's trademarks in commerce.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 43 and specifically denies any wrongdoing. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 43 and, therefore, denies them.

44. Defendant, myVidster.com, use [sic] Plaintiff's trademarks by indexing all the tags that are used to identify a copyrighted video or work. The videos posted on myVidster.com have tags that identify the videos. These tags are indexed, allowing the videos to be easily searched for by a user.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 44 and, therefore, denies them.

45.     Users search for copyrighted works on Defendants' website by entering search terms for the tags which are Plaintiff's trademark names like "CocoDorm", "Thugboy", or "Papicock".

>   **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 45 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 45 and, therefore, denies them.

46.     Plaintiff has agreements with websites on the Internet to promote trailers of its copyrighted videos for a fee or for a share of the fees generated.

>   **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 46 and, therefore, denies them.

47.     By copying and storing Plaintiff's copyrighted works on Defendants' website and by indexing Plaintiff's trademarks on Defendants' website, Defendants have caused confusion about its origin.

>   **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 47 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 47 and, therefore, denies them.

19

48.     The confusion as to the origin of the mark is evident. Defendants and its attorneys have argued incorrectly in open court and at deposition that Plaintiff's copyrighted works are posted for free on other websites. This is incorrect. Plaintiff has agreements with website [sic] to promote teaser videos that redirect to Plaintiff's website where users must pay for the full length film.

>      **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 48 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 48 and, therefore, denies them. Additionally, Defendant Voxel lacks sufficient knowledge and information to answer whether the Plaintiffs has agreements with websites to promote teaser videos that redirect to Plaintiff's website and therefore denies this.

49.     However, Defendants' used of Plaintiff's trademarks in its search engine and indexing of Plaintiff's trademarks has created confusion in the marketplace. Consumers are conditioned to incorrectly believe that Plaintiff's copyrighted videos and films are free and can be downloaded from any website for free, including myVidster.com.

>      **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 49 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 49 and, therefore, denies them.

20

50.     Defendant, myVidster.com, generates advertising revenue from the traffic to it website.

>    **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 50 and, therefore, denies them.

51.     On information and belief, the John Does 1-26, by repeatedly posting copyright materials on myVidster.com, have generated increased traffic for myVidster.com.

>    **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 51 and, therefore, denies them.

52.     Defendant, myVidster.com, has evolved into a website that caters to viewers of gay black adult film—the same niche that Plaintiff sells to.

>    **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 52 and, therefore, denies them.

53.     On information and belief, Defendant, myVidster.com's, lack of a repeat infringer policy has made its website a marketplace for users to post, share, and download Plaintiff's copyrighted works.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 53 and, therefore, denies them.

54.     Users can easily search for Plaintiff's copyrighted works by entering in Plaintiff's trademarks into Defendants' search engine.

> **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 54 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 54 and, therefore, denies them.

55.     Defendant, myVidster.com, has technology and the means to filter out Plaintiff's trademarks in its index and search engine but has refused to implement such filtering.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 55 and, therefore, denies them.

56.     Defendants use Plaintiff's trademarks in commerce in that Defendants index Plaintiff's trademarks and allow users to search for Plaintiff's copyrighted works by performing

key word searches. Defendants allow a group of repeat infringers to continue posting Plaintiff's copyrighted works with the trademarks entered as a tag. Users come to Defendants' website to search for copyrighted works by searching the tags consisting of the trademarks. This system for rampant copyright infringement increases web traffic, generating advertising revenue and more paid subscribers.

> **ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 56 and specifically denies any wrongdoing. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 56 and, therefore, denies them.

57.     The use of the tags consisting of Plaintiff's trademarks in Defendants' search engine and indexing system makes it easy for users to locate Plaintiff's copyrighted works that have been posted on the website.

> **ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 57 and specifically denies any wrongdoing. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 57 and, therefore, denies them.

58.     The use of Plaintiff's trademarks as part of its tags and indexing system is done in the connection with Defendants' sale of services of backup storage of videos to users.

> **ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 58 and specifically denies any wrongdoing. As to the other

Defendants, Defendant Voxel lacks sufficient knowledge and information to
answer the allegations and averments in Paragraph 58 and, therefore, denies them.

59.     The use of Plaintiff's trademarks in commerce is done in connection with the
distribution of Defendants' services. Defendants offer services in the form of allowing users to
bookmark, post, download, and share copyrighted videos. The trademarks are entered into the
system and indexed as tags. Users then search for the copyrighted videos by entering the
trademarks into the search engine. The use of the trademarks as tags and the indexing system is
done in connection with the distribution of Defendants' services as a website for the posting and
sharing of copyrighted videos. A user needs a tag and index system to locate a video that another
user posted with the intention of sharing that video for everyone in the stream of commerce on
the Internet.

ANSWER:     Defendant Voxel denies the allegations and averments in
Paragraph 59 and specifically denies any wrongdoing.  As to the other
Defendants, Defendant Voxel lacks sufficient knowledge and information to
answer the allegations and averments in Paragraph 59 and, therefore, denies them.

24

**DEFENDANTS' RIGHT AND ABILITY TO SUPERVISE**

60.     Defendants reserved the right to control access to its system, but failed to police its virtual premises.

> **ANSWER:**     Defendant Voxel denies the allegations and averments in Paragraph 60 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 60 and, therefore, denies them.

61.     Defendants have the right and ability to supervise the users' activities. Defendants have a flag system to monitor for copyright infringement. All flags go to Defendant, Gunter, who has implemented a filter on the flags because of the numerous flags he receives each day.

> **ANSWER:**     Defendant Voxel denies the allegations and averments in Paragraph 61 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 61 and, therefore, denies them.

62.     Defendants have posted terms of service and other policies on its website.

> **ANSWER:**     Defendant Voxel admits to posting its policies on its website.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 62 and, therefore, denies them.

63.    Defendants have the technology to filter trademark names.

    **ANSWER:**    Defendant Voxel provides web hosting services to its clients. Consequently, it does not filter trademark names as part of its services and has no need or requirement to do so.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 63 and, therefore, denies them.

64.    On information and belief, Defendant, Gunter, has the programming ability to create software to prevent the uploading of the same video more than once or to prevent the uploading of a copyrighted video. On information and belief, Defendants can easily purchase the aforesaid software in the marketplace.

    **ANSWER:**    Defendant Voxel denies the allegations and averments relating to the purchase of the aforesaid software.  . Defendant Voxel lacks sufficient knowledge and information to answer the remaining allegations and averments in Paragraph 64 and, therefore, denies them.

65.    Defendants have refused to police its website for repeat infringers.

    **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 65 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 65 and, therefore, denies them.

66.    Defendant, Gunter, has adopted an unreasonable definition of "repeat infringer".

> **ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 66 and, therefore, denies them.

67. Defendant, Gunter, has refused to make any determination as to whether a video is copyrighted if the video is publicly available. Defendants have refused to abide by the copyright notice or trademark notice or the FBI warning that appears in copyrighted videos and films.

> **ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 67 and specifically denies any wrongdoing. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 67 and, therefore, denies them.

67. [sic] Defendants have refused to investigate repeat infringers who continued posting copyrighted works. Defendants' stated policy that it will not investigate a repeat infringer if the copyrighted work is available publicly is not reasonable, since most of the Internet is publicly available.

> **ANSWER:** Defendant Voxel denies the allegations and averments in the second Paragraph 67 and specifically denies any wrongdoing. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in the second Paragraph 67 and, therefore, denies them.

68.     Defendants have refused to promptly investigate flags of copyright infringement or to implement software that would remove the infringing material immediately when a user flags the video. Defendants have not written software or implemented software that would put the flagged video in a queue pending the determination as to whether the video is copyrighted.

>   **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 68 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 68 and, therefore, denies them.

69.     The availability on myVidster.com is a draw for customers and users of myVidster.com.

>   **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 69 and, therefore, denies them.

70.     On information and belief, Defendants have turned a blind eye to the rampant copyright infringement on its website and to the activities of the repeat infringers, because the illegal activities of the repeat infringers increase traffic to Defendants' website.

>   **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 70 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 70 and, therefore, denies them.

28

72.     On information and belief, Defendants have turned a blind eye to the rampant copyright infringement on its website and to the activities of the repeat infringers, because users come to Defendants' website to post and share copyrighted gay black adult films.

> **ANSWER:**     Defendant Voxel denies the allegations and averments in Paragraph 72 and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 72 and, therefore, denies them.

## DEFENDANTS COPYRIGHTED INFRINGEMENT

73.     Images and content owned by the Plaintiff are uploaded by users without the permission of Plaintiff.

> **ANSWER:**     Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 73 and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

74.     Additionally, the copyrighted material often contains Plaintiff's trademarks and/or trade dress. Specifically, Defendants have posted videos containing Plaintiff's registered trademarks "CocoDorm" and "Flavamen". See attached Group Exhibit C. Defendants' reproduction and distribution of Flava Works' intellectual property causes confusion among the general public and trade as to the origin of the infringing material. Defendants' reproduction and distribution of Flava Works' intellectual property also creates the false representation that Flava Works is associated with or approves of the site myVidster.com.

**ANSWER:** To the extent the allegations in Paragraph 74 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 74 and, therefore, denies them. Further, Defendant Voxel denies engaging in the conduct alleged and specifically denies any wrongdoing.

75. Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Dorm Life 14. See attached Group Exhibit F.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 75 and specifically denies any wrongdoing.

76. Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Flavamen Junior Year. See attached Group Exhibit F.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 76 and specifically denies any wrongdoing.

77. Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Miami Uncut. See attached Group Exhibit F.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 77 and specifically denies any wrongdoing.

78.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Nightmare on Elmo Street. See attached Group Exhibit F.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 78 and specifically denies any wrongdoing.

79.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 2. See attached Group Exhibit F.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 79 and specifically denies any wrongdoing.

80.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 3. See attached Group Exhibit F.

**ANSWER:** Defendant Voxel denies the allegations and averments in Paragraph 80 and specifically denies any wrongdoing.

81.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 4. See attached Group Exhibit F.

>    **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 81 and specifically denies any wrongdoing.

82.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Rods 6. See attached Group Exhibit F.

>    **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 82 and specifically denies any wrongdoing.

83.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Raw Thugs 2. See attached Group Exhibit F.

>    **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 83 and specifically denies any wrongdoing.

84.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Santo Domingo 4. See attached Group Exhibit F.

>    **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 84 and specifically denies any wrongdoing.

85.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Snow Ballerz 2. See attached Group Exhibit F.

>    **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 85 and specifically denies any wrongdoing.

86.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Snow Ballerz 4. See attached Group Exhibit F.

>    **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 86 and specifically denies any wrongdoing.

87.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Swaggers 2. See attached Group Exhibit F.

>    **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 87 and specifically denies any wrongdoing.

88.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Thugboy 4. See attached Group Exhibit F.

>    **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 88 and specifically denies any wrongdoing.

89.     Defendants posted copyright materials of the Plaintiff consisting of the following full length movie or scenes from the following movie: Tyson That Good Dick. See attached Group Exhibit F.

>        **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 89 and specifically denies any wrongdoing.

90.     In addition, Defendants have posted material containing Plaintiff's common law trademarks "Raw Rods", "Papicock", "Flava Works". See attached Group Exhibit F.

>        **ANSWER:**   Defendant Voxel denies the allegations and averments in Paragraph 90 and specifically denies any wrongdoing.

91.     Many users of myVidster have posted material that infringes Flava Works' Intellectual Property. The most frequent contributors have been named in this complaint as John Does 1-26.

>        **ANSWER:**   To the extent the allegations in Paragraph 91 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 91 and, therefore, denies them.  Further, Defendant Voxel denies any wrongdoing.

92.     A search of Flava Works' registered trademark "CocoDorm" on myVidster produces a result of 219 postings. See attached Group Exhibit G.

> **ANSWER:**   To the extent the allegations in Paragraph 92 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 92 and, therefore, denies them.  Further, Defendant Voxel denies any wrongdoing.

93.     A search of Flava Works' common law trademark "Dorm Life" on myVidster produces a result of 1722 postings. See attached Group Exhibit G.

> **ANSWER:**   To the extent the allegations in Paragraph 93 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 93 and, therefore, denies them.  Further, Defendant Voxel denies any wrongdoing.

94.     A search of Flava Works' registered trademark "Flavamen" on myVidster produces a result of 12466 postings. See attached Group Exhibit G.

**ANSWER:** To the extent the allegations in Paragraph 94of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 94 and, therefore, denies them. Further, Defendant Voxel denies any wrongdoing.

95. A search of Flava Works' common law trademark "Miami Uncut" on myVidster produces a result of 1572 postings. See attached Group Exhibit G.

**ANSWER:** To the extent the allegations in Paragraph 95 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 95 and, therefore, denies them. Further, Defendant Voxel denies any wrongdoing.

96. A Google search of "MyVidster.com" and "CocoDorm" produces 110 results. See attached Group Exhibit G.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 96 and, therefore, denies them. Further, Defendant Voxel denies any wrongdoing.

36

97.     A Google search of "MyVidster.com" and "Thugboy" produces 117 results. See attached Group Exhibit G.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 97 and, therefore, denies them.  Further, Defendant Voxel denies any wrongdoing.

98.     A Google search of "MyVidster.com" and "Papicock" produces 200 results. See attached Group Exhibit G.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 98 and, therefore, denies them.  Further, Defendant Voxel denies any wrongdoing.

99.     A Google search of "MyVidster.com" and "Dorm Life" produces 132 results. See attached Group Exhibit G.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 99 and, therefore, denies them.  Further, Defendant Voxel denies any wrongdoing.

100.    Defendants, John Does 1-26 are myVidster.com users who caused copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

> **ANSWER:**   Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 100 and, therefore, denies them.

101.    Defendants, John Does 1-26 are repeat infringers of myVidster.com users who caused copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 101 and, therefore, denies them.

102.    On information and belief, Defendant, myVidster.com, posts thumbnail images of Plaintiff's copyrighted works when users of myVidster.com caused copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 102 and, therefore, denies them.

103.    On information and belief, Defendant, myVidster.com, caused the thumbnail images of Plaintiff's copyrighted works to be made and posted on its website.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 103 and, therefore, denies them.

104.    The thumbnail images of Plaintiff's copyrighted works are copies of copyrighted material and infringe on Plaintiff's copyrights.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 104 and, therefore, denies them.

## DMCA NOTICES

105.    On or about May 12, 2010, Plaintiff became aware of the infringing activities that take place on the website. On or about May 12, 2010, Plaintiff sent via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notice"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit H for a copy of the DMCA takedown notice. The myVidster website continued to be updated with more and more infringing material from its members.

**ANSWER:** To the extent the allegations in Paragraph 105 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 105 and, therefore, denies them. Further, Defendant Voxel denies any wrongdoing.

106.    On or about July 20, 2010, Plaintiff sent, via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a second

takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act

("DMCA takedown notices"), in which notice of the infringing material was given to the

respective entities along with a demand that said material be removed expediently. See attached

Exhibit I for a copy of the DMCA takedown notice. The myVidster website continued to be

updated with more and more infringing material from its members.

> **ANSWER:** To the extent the allegations in Paragraph 106 of the Plaintiff's
>
> Third Amended Complaint call for legal conclusions, Defendant Voxel lacks
>
> sufficient knowledge or expertise to respond to such legal conclusions and,
>
> therefore, denies them. Additionally, Defendant Voxel lacks sufficient
>
> knowledge and information to answer the allegations and averments in Paragraph
>
> 106 and, therefore, denies them. Further, Defendant Voxel denies any
>
> wrongdoing.

107.    On or about August 21, 2010, Plaintiff sent via U.S. Mail and email to Defendant,

Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server Beach"), a third

takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act

("DMCA takedown notices"), in which notice of the infringing material was given to the

respective entities along with a demand that said material be removed expediently. See attached

Exhibit J for a copy of the DMCA takedown notice. The myVidster website continued to be

updated with more and more infringing material from its members.

> **ANSWER:** To the extent the allegations in Paragraph 107 of the Plaintiff's
>
> Third Amended Complaint call for legal conclusions, Defendant Voxel lacks
>
> sufficient knowledge or expertise to respond to such legal conclusions and,

therefore, denies them. Additionally, Defendant Voxel lacks sufficient

knowledge and information to answer the allegations and averments in Paragraph

107 and, therefore, denies them. Further, Defendant Voxel denies any

wrongdoing.

108. On or about September 22, 2010, Plaintiff sent via U.S. Mail and email to

Defendant, Gunter, and his webhosting company, Server Beach Ltd. (hereinafter "Server

Beach"), a third takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium

Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was

given to the respective entities along with a demand that said material be removed expediently.

See attached Exhibit K for a copy of the DMCA takedown notice. The myVidster website

continued to be updated with more and more infringing material from its members.

> **ANSWER:** To the extent the allegations in Paragraph 108 of the Plaintiff's
>
> Third Amended Complaint call for legal conclusions, Defendant Voxel lacks
>
> sufficient knowledge or expertise to respond to such legal conclusions and,
>
> therefore, denies them. Additionally, Defendant Voxel lacks sufficient
>
> knowledge and information to answer the allegations and averments in Paragraph
>
> 108 and, therefore, denies them. Further, Defendant Voxel denies any
>
> wrongdoing.

109. On or about December 2, 2010, Plaintiff sent, via U.S. Mail and email to

Defendant, Gunter, and his webhosting company, Voxel Dot Net a takedown notice pursuant to

17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in

41

which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit L for a copy of the DMCA takedown notice.

> **ANSWER:** To the extent the allegations in Paragraph 109 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel admits to receiving a notice via facsimile, but denies receiving it via U.S Mail and electronic mail. Further, Defendant Voxel denies any wrongdoing.

110. On or about December 5, 2010, Plaintiff sent, via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Voxel Dot Net a takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit M for a copy of the DMCA takedown notice.

> **ANSWER:** To the extent the allegations in Paragraph 110 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel admits to receiving a notice via facsimile, but denies receiving it via U.S Mail and electronic mail. Further, Defendant Voxel denies any wrongdoing.

111.    On or about December 9, 2010, Plaintiff sent, via U.S. Mail and email to Defendant, Gunter, and his webhosting company, Voxel Dot Net a takedown notice pursuant to 17 U.S.C. § 512 *et seq*., the Digital Millennium Copyright Act ("DMCA takedown notices"), in which notice of the infringing material was given to the respective entities along with a demand that said material be removed expediently. See attached Exhibit N for a copy of the DMCA takedown notice.

> **ANSWER:**    To the extent the allegations in Paragraph 111 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel admits to receiving a notice via facsimile, but denies receiving it via U.S Mail and electronic mail. Further, Defendant Voxel denies any wrongdoing.
> .

112.    On information and belief, Defendants have not removed all of the copyrighted images or films or works.

> **ANSWER:** As for the works for which Defendant Voxel received proper notices, it received information indicating the works had been removed as requested. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 112 and, therefore, denies them.

113.    On information and belief, Defendants did not remove all of the copyrighted images or films or works within a reasonable time.

**ANSWER:** As for the works for which Defendant Voxel received proper notices, it received information indicating the works had been removed expeditiously. As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 113 and, therefore, denies them.

114. On information and belief, at all relevant times, Defendant, Gunter d/b/a myVidster took no action toward stopping, reprimanding, or banning these repeat infringers. The online storage or shared storage feature of myVidster allows users to backup infringing material and to share it publicly with others. The original user and others can re-upload and redistribute and backup the infringing material. myVidster does not have in place any filters or identifiers to prevent the continuing and egregious infringement. For this reason, myVidster is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA. Defendant, Gunter, as myVidster's alter ego, remains liable for any and all infringement for which myVidster is directly and/or indirectly responsible.

**ANSWER:** To the extent the allegations in Paragraph 114 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, apart from receiving notifications from Defendant Gunter that infringing material had been removed, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 114 and, therefore, denies them.

115.    On information and belief, at all relevant times, Defendant, Voxel Dot Net took no action toward stopping, reprimanding, or banning these repeat infringers. For this reason, Voxel Dot Net is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA.

> **ANSWER:**    To the extent the allegations in Paragraph 115 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel denies the allegations and averments in Paragraph 115 and specifically denies any wrongdoing.

116. At all relevant times, on information and belief, Defendant, Gunter, did not initially designate a DMCA Agent for myVidster to receive notice for claimed infringement as required by 17 U.S.C. § 512(c)(2), and therefore Defendant, Gunter, as myVidster's alter ego, remains liable for any and all infringement for which it is directly and/or indirectly responsible. See http://www.copyright.gov/onlinesp/list

> **ANSWER:**    To the extent the allegations in Paragraph 116 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 116 and, therefore, denies them.

117.    On information and belief, Defendant, Gunter d/b/a myVidster facilitates and encourages the aforesaid postings to his website willfully and with full knowledge and awareness of Plaintiff's ownership of Flava Works' Intellectual Property. On information and belief, Defendant, Gunter, encourages and facilitates the distribution of Flava Works' Intellectual Property to the public at large via myVidster to increase myVidster's traffic and, thereby, increasing myVidster's revenue.

> **ANSWER:**    To the extent the allegations in Paragraph 117 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 117 and, therefore, denies them.

118.    On information and belief, Defendants' use of Plaintiff's trademarks and trade dress is confusingly similar to Plaintiff's trademarks. Plaintiff's trademarks are prominently displayed to entice consumers.

> **ANSWER:**    To the extent the allegations in Paragraph 118 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Defendant Voxel denies the allegations and averments in Paragraph 118 and specifically denies any wrongdoing.

46

119.    On information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiff.

> **ANSWER:**    To the extent the allegations in Paragraph 119 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Further, Defendant Voxel denies the allegations and averments in Paragraph 119 of the First Amended Complaint and denies any wrongdoing.

120.    Through the Defendants' conduct, Plaintiff has suffered and continues to suffer damage to its reputation and good will through the unauthorized use, reproduction and distribution of Flava Works' Intellectual Property.

> **ANSWER:**    To the extent the allegations in Paragraph 120 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Further, Defendant Voxel denies the allegations and averments in Paragraph 120 of the Third Amended Complaint and denies any wrongdoing.

121.    Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill

accumulated through their respective trade dress, copyright and trademarks unless Defendants are restrained by this Court.

      **ANSWER:** To the extent the allegations in Paragraph 121 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel denies the allegations and averments in Paragraph 121 and specifically denies any wrongdoing.

122.    Plaintiff will continue to suffer loss of profits and damage to its good will and reputation unless Defendants are restrained and enjoined by this Court.

      **ANSWER:** To the extent the allegations in Paragraph 122 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel denies the allegations and averments in Paragraph 122 and specifically denies any wrongdoing.

123.    Plaintiff has no adequate remedy at law.

      **ANSWER:** As the allegations in Paragraph 123 of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.

124.    Through Defendants' conduct, Plaintiff has suffered and continues to suffer the loss of the profits it has the right to realize through the use, reproduction and distribution of Flava Works' Intellectual Property.

> **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 124 and specifically denies any wrongdoing.

125.    Plaintiff cannot be made whole unless this Court awards Plaintiff damages for Defendants' unauthorized use, reproduction and distribution of Flava Works' Intellectual Property.

> **ANSWER:**    Defendant Voxel denies the allegations and averments in the Second Paragraph 125 of the Plaintiff's Third Amended Complaint and specifically denies any wrongdoing.

## COUNT I

### (Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)

1-125.  Plaintiff incorporates and re-alleges paragraphs 1-125 of this Complaint as paragraphs 1-125 of Count I.

> **ANSWER:**    Defendant Voxel hereby incorporates by reference its responses to paragraphs 1-125 in the Plaintiff's Third Amended Complaint as though fully set forth herein.

126.    Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

127. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

128. Instances of copyright infringement occur whenever one of Defendants user, without authorization of the copyright owner, uses Defendants' network to download a copyrighted content file and/or images. Such acts constitute unauthorized reproduction and distribution and result in unauthorized copies. Defendants participate in, facilitate, materially contribute to and encourage these infringements.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

129. Defendants, John Does 1-26 are myVidster.com users who caused copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

130.    Defendants, John Does 1-26 are repeat infringers of myVidster.com users who caused copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

131.    Defendant, myVidster.com, posts thumbnail images of Plaintiff's copyrighted works when users of myVidster.com cause copies of Plaintiff's copyrighted works to be made and posted on the myVidster.com website.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

132.    On information and belief, defendant, myVidster.com, caused the thumbnail images of Plaintiff's copyrighted works to be made and posted on its website.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

133.    The thumbnail images of Plaintiff's copyrighted works are copies of copyrighted material and infringe on Plaintiff's copyrights.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count I pending the resolution of its Motion for Clarification.

134.    Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

ANSWER:    Defendant Voxel will answer the allegations and averments of

Count I pending the resolution of its Motion for Clarification.


135.    As a result of the injury suffered by Plaintiff's business from Defendants' actions

of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages,

which shall be determined at trial, and costs of this action, including reasonable attorney's fees,

as well as injunctive relief to prevent future infringement.

ANSWER:    Defendant Voxel will answer the allegations and averments of

Count I pending the resolution of its Motion for Clarification.


## COUNT II

### (Contributory Copyright Infringement.)

1-125. Plaintiff incorporates and re-alleges paragraphs 1-125 of this Complaint as

paragraphs 1-125 of Count II.

ANSWER:    Defendant Voxel hereby incorporates by reference its responses to

paragraphs 1-125 in the Plaintiff's Third Amended Complaint as though fully set

forth herein.


126.    Defendant, Gunter, d/b/a myVidster provides the mechanism through which

numerous individuals or entities, including John Does 1-26, without authorization, reproduced

and distributed Flava Works' Intellectual Property thereby directly infringing on those

copyrighted works.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 126 of Count II of the Plaintiff's Third Amended Complaint and, therefore, denies them.

127. On information and belief, Defendant, Gunter, d/b/a myVidster had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

**ANSWER:** To the extent the allegations in Paragraph 127 of Count II of the Plaintiff's First Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.

128. On information and belief, Defendant, Gunter, d/b/a myVidster aided, abetted, allowed, encouraged and otherwise materially contributed to helping those individuals to reproduce and distribute Flava Works' Intellectual Property through his website without regard to copyright ownership.

**ANSWER:** Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 128 of Count II of the Plaintiff's First Amended Complaint and, therefore, denies them.

129.    On information and belief, Defendant, Gunter, d/b/a myVidster received direct financial benefits from the infringements by increasing its website traffic and generating revenue from storage fees.

          **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 129 of Count II of the Plaintiff's Third Amended Complaint and, therefore, denies them.

130.    On information and belief, at all relevant times, Defendant, Voxel Dot Net took no action toward stopping, reprimanding, or banning these repeat infringers. For this reason, Voxel Dot Net is not eligible for the limitations on liability, or the "safe harbor provisions," provided by 17 U.S.C. § 512 of the DMCA.

          **ANSWER:**    Defendant Voxel denies the allegations and averments contained within Paragraph 130 of Count II of the Plaintiff's Third Amended Complaint. To the extent the allegations in 130 of Count II of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel specifically denies any wrongdoing.

131.    Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

          **ANSWER:**    Defendant Voxel denies the allegations and averments contained within Paragraph 131 of Count II of the Plaintiff's Third Amended Complaint.

To the extent the allegations in Paragraph 131 of Count II of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them. Additionally, Defendant Voxel specifically denies any wrongdoing.

132.   As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**ANSWER:**   Defendant Voxel denies any and all allegations contained in Paragraph 132 of Count II of the Plaintiff's Third Amended Complaint and specifically denies that Plaintiff is entitled to any relief stated therein.

## COUNT III

### (Vicarious Copyright Infringement.)

1-125. Plaintiff incorporates and re-alleges paragraphs 1-125 of this Complaint as paragraphs 1-125 of Count III.

**ANSWER:**   Defendant Voxel hereby incorporates by reference its responses to paragraphs 1-125 in the Plaintiff's Third Amended Complaint as though fully set forth herein.

126.    (sic) Defendant, Gunter, d/b/a myVidster provides the mechanism through which numerous individuals or entities, including John Does 1-26, without authorization, reproduced and distributed Flava Works' Intellectual Property thereby directly infringing on those copyrighted works.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 126 of Count III of the Plaintiff's Third Amended Complaint and, therefore, denies them.

127.    On information and belief, Defendant, Gunter, d/b/a myVidster had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

> **ANSWER:**    To the extent the allegations in Paragraph 127 of Count III of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.

128.    On information and belief, Defendant, Gunter, d/b/a myVidster received direct financial benefits from the infringements by increasing its website traffic and generating revenue from storage fees.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 128 of Count III of the Plaintiff's Third Amended Complaint and, therefore, denies them.

129.    On information and belief, at all relevant times, Defendant, Voxel Dot Net took

no action toward stopping, reprimanding, or banning these repeat infringers. For this reason,

Voxel Dot Net is not eligible for the limitations on liability, or the "safe harbor provisions,"

provided by 17 U.S.C. § 512 of the DMCA.

> **ANSWER:**    Defendant Voxel denies the allegations and averments contained
>
> within Paragraph 129 of Count III of the Plaintiff's Third Amended Complaint.
>
> To the extent the allegations in 129 of Count III of the Plaintiff's Third Amended
>
> Complaint call for legal conclusions, Defendant Voxel lacks sufficient
>
> knowledge or expertise to respond to such legal conclusions and, therefore,
>
> denies them.  Additionally, Defendant Voxel specifically denies any wrongdoing.

130.    On information and belief, Defendants has reserved the right or has the right to

control access to the myVidster system, but has failed to police its virtual premise.

> **ANSWER:**    Defendant Voxel denies the allegations and averments in
>
> Paragraph 130 of Count III and specifically denies any wrongdoing.  As to the
>
> other Defendants, Defendant Voxel lacks sufficient knowledge and information to
>
> answer the allegations and averments in Paragraph 130 of Count III and,
>
> therefore, denies them.

131.    On information and belief, Defendants have the right and ability to supervise

myVidster users pursuant to the terms of service and policies.

> **ANSWER:**    Defendant Voxel denies the allegations and averments in
>
> Paragraph 131 of Count III and specifically denies any wrongdoing.  As to the

other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 131 of Count III and, therefore, denies them.

132.    On information and belief, Defendant, myVidster, has a filtering and flagging system that can be used to filter or flag infringing materials but Defendant has refused to use this system with respect to infringing materials.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 132 of Count III and, therefore, denies them.

133.    Defendants can monitor its users through the flagging feature on its system. However, Defendants have failed to promptly respond to flagging for copyright infringement.

**ANSWER:**    Defendant Voxel provides web hosting services to its clients. Consequently, it does not provide a flagging feature as part of its services and has no need or requirement to do so.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 133 of Count III and, therefore, denies them.

134.    Defendant, Gunter, has implemented a filter for the numerous flags that myVidster.com receives on a daily basis.

> **ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 134 of Count III and, therefore, denies them.

135.    Defendants have refused to adopt a reasonable definition of "repeat infringer" or to implement a reasonable repeat infringer policy.

> **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 135 of Count III and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 135 of Count III and, therefore, denies them.

136.    On information and belief, Defendants have permitted, encouraged, and allowed repeat infringers to continue to post copyrighted videos to draw more traffic to its website.

> **ANSWER:**    Defendant Voxel denies the allegations and averments in Paragraph 136 of Count III and specifically denies any wrongdoing.  As to the other Defendants, Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 136 of Count III and, therefore, denies them.

137.    The availability of infringing material on myVidster is a draw for its customers.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 137 of Count III and, therefore, denies them.


138.    The presence of infringing material on the site enhances the site's attractiveness or draws customers.

**ANSWER:**    Defendant Voxel lacks sufficient knowledge and information to answer the allegations and averments in Paragraph 138 of Count III and, therefore, denies them.


139.    Defendants' conduct constitutes vicarious copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

**ANSWER:**    Defendant Voxel denies the allegations and averments contained within Paragraph 139 of Count III of the Plaintiff's Third Amended Complaint. To the extent the allegations in 139 of Count III of the Plaintiff's Third Amended Complaint call for legal conclusions, Defendant Voxel lacks sufficient knowledge or expertise to respond to such legal conclusions and, therefore, denies them.  Additionally, Defendant Voxel specifically denies any wrongdoing.


140.    As a result of the injury suffered by Plaintiff's business from Defendants' actions of vicarious copyright infringement, Plaintiff is entitled to recover actual and/or statutory

damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

> **ANSWER:** Defendant Voxel denies any and all allegations contained in Paragraph 140 of Count III of the Plaintiff's Third Amended Complaint and specifically denies that Plaintiff is entitled to any relief stated therein.

## Count IV

### (Inducement of Copyright Infringement.)

1-125. Plaintiff incorporates and re-alleges paragraphs 1-125 of this Complaint as paragraphs 1-125 of Count IV.

> **ANSWER:** Defendant Voxel hereby incorporates by reference its responses to paragraphs 1-125 in the Plaintiff's Third Amended Complaint as though fully set forth herein.

126. Defendant, Gunter, d/b/a myVidster provides the mechanism through which numerous individuals or entities, including John Does 1-26, without authorization, reproduced and distributed Flava Works' Intellectual Property thereby directly infringing on those copyrighted works.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count IV pending the resolution of its Motion for Clarification.

127. By offering online storage space for those who desire to backup their bookmark videos and encouraging users to share their videos, Defendant, Gunter, d/b/a myVidster

intentionally induced the John Does, among others, to infringe Flava Works' Intellectual
Property.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>    Count IV pending the resolution of its Motion for Clarification.


128.    On information and belief, Defendant, Gunter, d/b/a myVidster had actual or
constructive knowledge of or was willfully ignorant of the infringing activity and had the
obligation and ability to control and stop the infringing activity, yet failed to do so.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>    Count IV pending the resolution of its Motion for Clarification.


129.    On information and belief, Defendant, Gunter, d/b/a myVidster received direct
financial benefits from the infringements by increasing its website traffic and generating revenue
from storage fees.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>    Count IV pending the resolution of its Motion for Clarification.


130.    Defendants' conduct constitutes inducement copyright infringement that this
Court may remedy under Sections 106 and 501 of the Copyright Act.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>    Count IV pending the resolution of its Motion for Clarification.

131.     On information and belief, Defendant, Gunter, posted an entry on the myVidster.com blog expressing Defendants' infringing purpose and posted other entries on how to infringe on copyrighted materials.

>   **ANSWER:**   Defendant Voxel will answer the allegations and averments of Count IV pending the resolution of its Motion for Clarification.

132.     On information and belief, Defendant, Gunter, wrote the four reasons to use myVidster.com are: 1. Video backup bypasses YouTube videos that are private or have disable embedded; 2. Video backup bypasses video host through blog's hotlinking; 3. Video backup works for a variety of video hosts other than YouTube; 4. Never fearing that your online videos will get removed by the video host.

>   **ANSWER:**   Defendant Voxel will answer the allegations and averments of Count IV pending the resolution of its Motion for Clarification.

133.     On information and belief, Defendants gave instructions on users on how to add a plug-in for the Firefox browser that would allow users to surf the internet and copy and post copyrighted videos that are private or have been disabled from being copied.

>   **ANSWER:**   Defendant Voxel will answer the allegations and averments of Count IV pending the resolution of its Motion for Clarification.

134.     As a result of the injury suffered by Plaintiff's business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or statutory

damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count IV pending the resolution of its Motion for Clarification.

## Count V

### (False Designation of Origin.)

1-125. Plaintiff incorporates and re-alleges paragraphs 1-125 of this Complaint as paragraphs 1-125 of Count V.

> **ANSWER:** Defendant Voxel hereby incorporates by reference its responses to paragraphs 1-125 in the Plaintiff's Third Amended Complaint as though fully set forth herein.

126. Defendants use Plaintiff's marks in commerce.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

127. Defendants use Plaintiff's marks by indexing all the tags that are used to identify a copyrighted video or work.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

128.    Users search for copyrighted works on Defendants' website by entering search terms for trademark names like "Flavaworks" or "Cocodorm" or other marks.

        **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.


129.    Plaintiff has agreements with websites on the Internet to promote and market its copyrighted videos for a fee or for a share of the fees generated.

        **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.


130.    By copying and storing all of Plaintiff's works on its website and by indexing Plaintiff's trademarks on Defendants' website, Defendants have caused confusion about its origin.

        **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.


131.    Defendants' system of tagging and indexing copyrighted works with trademark tags has created confusion in the marketplace. Consumers are conditioned to believe that Plaintiff's copyrighted materials are freely disseminated on the web.

        **ANSWER:**    Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

132.   Defendants have used Plaintiff's trademarks in connection with the sale of its backup storage features, since users are drawn to the website to be able to search for copyrighted films indexed under the trademarks tags/key words.

>    **ANSWER:**   Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

133.   Defendants have used Plaintiff's trademarks in connection with the distribution of its services, since users are drawn to the website to be able to post and share and search for copyrighted videos using the trademarks as tags/key words.

>    **ANSWER:**   Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

134.   By engaging in the activities above, Defendant, Gunter d/b/a myVidster has caused, is causing or is likely to cause, confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection or association between Plaintiff and myVidster as to the origin, sponsorship or approval of Plaintiff over Defendant, Gunter's, website(s).

>    **ANSWER:**   Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

135.   Defendant, Gunter, d/b/a myVidster has made and is making false, deceptive and misleading representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

136. Defendants' activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, IS [sic] U.S.C § 1 I 25(a) [sic].

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

137. Defendants' use of Plaintiffs' trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendants.

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

138. Defendants' conduct have caused irreparable injury to Plaintiff's good will and reputation and, unless enjoined by this court, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law. In the alternative, as a result of the injury suffered by Plaintiff's business from Defendants, Plaintiff is entitled to recover statutory damages in an amount equal to threefold the actual damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees.

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count V pending the resolution of its Motion for Clarification.

## Count VI

### (Trademark and Trade Dress Infringement.)

1-138. Plaintiff incorporates and re-alleges paragraphs 1-138 of Count V of this Complaint as paragraphs 1-138 of Count VI.

> **ANSWER:** Defendant Voxel hereby incorporates by reference its responses to paragraphs 1-125 in the Plaintiff's Third Amended Complaint and paragraphs 126- 138 of Count V in Plaintiff's Third Amended Complaint as though fully set forth herein.

139. Defendants conduct is likely to cause confusion, to cause mistake, or to deceive the relevant trade and public as to the source of Flava Works' Intellectual Property.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count VI pending the resolution of its Motion for Clarification.

140. Defendants' conduct constitutes trademark and trade dress infringement and is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1114.

> **ANSWER:** Defendant Voxel will answer the allegations and averments of Count VI pending the resolution of its Motion for Clarification.

141. Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiff when in fact they are not.

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count VI pending the resolution of its Motion for Clarification.

142. Defendants' acts described above have caused irreparable injury to Plaintiff's good will and reputation and, unless enjoined by this court, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law. In the alternative, as a result of the injury suffered by Plaintiff's business from Defendants' actions, Plaintiff is entitled to recover statutory damages in an amount equal to threefold the actual damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees.

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count VI pending the resolution of its Motion for Clarification.

## Count VII

### (Common Law Trademark Infringement and Unfair Competition.)

1-138. Plaintiff incorporates and re-alleges paragraphs 1-138 of Count V of this Complaint as paragraphs 1-138 of Count VII.

**ANSWER:** Defendant Voxel hereby incorporates by reference its responses to paragraphs 1-125 in the Plaintiff's Third Amended Complaint and paragraphs 126- 138 of Count V in Plaintiff's Third Amended Complaint as though fully set forth herein.

139. Defendant, Gunter's, conduct is likely to cause confusion, to cause mistake, and/or to deceive the relevant trade and public as to the existence of an affiliation, connection or

69

association between Plaintiff and Defendant as to the origin, sponsorship or approval of Plaintiff over Defendant's website(s).

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>
>    Count VII pending the resolution of its Motion for Clarification.

140.    Defendant, Voxel Dot Net's, conduct is likely to cause confusion, to cause mistake, and/or to deceive the relevant trade and public as to the existence of an affiliation, connection or association between Plaintiff and Defendant as to the origin, sponsorship or approval of Plaintiff over Defendant's website(s).

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>
>    Count VII pending the resolution of its Motion for Clarification.

141.    Defendants' acts constitute common law trademark infringement and unfair competition under the laws of the State of Illinois.

>    **ANSWER:**    Defendant Voxel will answer the allegations and averments of
>
>    Count VII pending the resolution of its Motion for Clarification.

142.    Defendants' acts described above have caused irreparable injury to Plaintiff's good will and reputation and, unless enjoined by this court, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law. In the alternative, as a result of the injury suffered by Plaintiff's business from Defendants' actions, Plaintiff is entitled to recover damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees.

**ANSWER:** Defendant Voxel will answer the allegations and averments of Count VII pending the resolution of its Motion for Clarification.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendants, Marques Rondale Gunter d/b/a myVidester.com, SalsaIndy, LLC, John Does 1 through 26, and Voxel Dot Net.

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 1 above and specifically denies that Plaintiff is entitled to any relief stated therein.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

a. Restraining and enjoining Defendants from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

b. Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

c. Restraining and enjoining Defendants from doing any other act, through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d. Restraining and enjoining Defendants from otherwise Using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

e. Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

f. Restraining and enjoining Defendants from otherwise Using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants' website;

g. Restraining and enjoining Defendants from otherwise doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected associated with Plaintiff, or Plaintiff's business;

h. Restraining and enjoining Defendants from otherwise unfairly competing with plaintiffs in any manner.

72

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 2 above and specifically denies that Plaintiff is entitled to any relief stated therein.

3. Requiring Defendants to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 3 above and specifically denies that Plaintiff is entitled to any relief stated therein.

4. Requiring Defendants to cease operation of the website domain myVidster.com and to transfer ownership of myVidster.com immediately to Plaintiff;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 4 above and specifically denies that Plaintiff is entitled to any relief stated therein.

5. Disgorging Defendants of any profits they may have made as a result of his infringement of Flava Works' Intellectual Property;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 5 above and specifically denies that Plaintiff is entitled to any relief stated therein.

6. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendants' infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 6 above and specifically denies that Plaintiff is entitled to any relief stated therein.

7. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendants;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 7 above and specifically denies that Plaintiff is entitled to any relief stated therein.

8. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 8 above and specifically denies that Plaintiff is entitled to any relief stated therein.

9. Awarding Plaintiff statutory damages pursuant to the Copyright Act and the Lanham Act;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 9 above and specifically denies that Plaintiff is entitled to any relief stated therein.

10. Awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

**ANSWER:** Defendant denies any and all allegations contained in Paragraph 10 above and specifically denies that Plaintiff is entitled to any relief stated therein.

11. Requiring within ten (10) days after the entry of an order for either preliminary or

permanent injunction, Defendants be required to turn over any files bearing any of Plaintiff's trademarks;

> **ANSWER:** Defendant denies any and all allegations contained in Paragraph 11 above and specifically denies that Plaintiff is entitled to any relief stated therein.

12. Requiring Defendants to deliver up for destruction all DVDs, DVD covers, labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the name or mark of any of the Plaintiff's trademarks or any other reproduction, counterfeit, copy or colorable imitation of the Plaintiff's trademarks.

> **ANSWER:** Defendant denies any and all allegations contained in Paragraph 12 above and specifically denies that Plaintiff is entitled to any relief stated therein.

13. Awarding trebled damages for Defendants' infringement of Plaintiff's trademarks and copyrights.

> **ANSWER:** Defendant denies any and all allegations contained in Paragraph 13 above and specifically denies that Plaintiff is entitled to any relief stated therein.

14. Awarding punitive damages.

> **ANSWER:** Defendant denies any and all allegations contained in Paragraph 14 above and specifically denies that Plaintiff is entitled to any relief stated therein.

15. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

> **ANSWER:**  Defendant denies any and all allegations contained in Paragraph 15 above and specifically denies that Plaintiff is entitled to any relief stated therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (DIGITAL MILLENNIUM COPYRIGHT ACT'S SAFE HARBORS)

Plaintiff's claims are barred in whole or in part because Defendant Voxel is protected by one or more of the Digital Millennium Copyright Act ("DMCA") Safe Harbors in 17 U.S.C. § 512.

### SECOND DEFENSE (LICENSE)

Plaintiff's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by the Plaintiff.

### THIRD DEFENSE (FAIR USE)

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### FOURTH DEFENSE (FAILURE TO MITIGATE)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages, if any.

### FIFTH DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiff's allegations, found in the First Amended Complaint, fail to state a claim for copyright infringement, false designation of origin, trade dress infringement, trademark infringement, and unfair competition.

### SIXTH AFFIRMATIVE DEFENSE (INNOCENT INTENT)

Plaintiff's damages, if any, are limited by Defendant Voxel's innocent intent.

## SEVENTH AFFIRMATIVE DEFENSE (COPYRIGHT MISUSE)

Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.


## EIGHTH AFFIRMATIVE DEFENSE (ESTOPPEL)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.


## NINTH AFFIRMATIVE DEFENSE (WAIVER)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.


## TENTH AFFIRMATIVE DEFENSE (UNCLEAN HANDS)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.


## ELEVENTH AFFIRMATIVE DEFENSE (LACHES)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.


## TWELFTH AFFIRMATIVE DEFENSE (SUBSTANTIAL NON-INFRINGING USE)

Plaintiff's claims are barred in whole or in part based on the doctrine of substantial non-infringing use, although Defendant Voxel submits this affirmative defense, the Plaintiff bears the burden of proving the doctrine's inapplicability.


## THIRTEENTH AFFIRMATIVE DEFENSE (IMMUNITY UNDER THE COMMUNICATIONS DECENCY ACT)

Defendant Voxel is immune from any liability under 47 U.S.C. § 230 of the Communications Decency Act.

78

## FOURTEENTH AFFIRMATIVE DEFENSE
## (NO COMMON LAW TRADEMARKS)

Plaintiff has failed to acquire common law trademarks to all, or some, of its marks.

**VOXEL DOT NET, INC.'S DEMAND FOR JURY TRIAL**

Voxel Dot Net, Inc.'s asserts its right under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

DEFENDANT,
VOXEL DOT NET, INC.

By:  s/Mark A. Petrolis
      One of Its Attorneys
      Mark A. Petrolis
      Mudd Law Offices
      3114 W. Irving Park Rd.
      Suite 1W
      Chicago, Illinois  60618
      (773) 588-5410
      (773 588-5440 (fax)
      mpetrolis@muddlawoffices.com
      ARDC: 6300549

WHEREFORE, PREMISES CONSIDERED, DEFENDANT VOXEL DOT NET, INC.

respectfully requests that the Court enter judgment dismissing Plaintiff's claims against it;

sustaining its affirmative defenses; and granting it such other and further relief, in law and in

equity, to which it may show itself to be entitled.


Dated: Chicago, Illinois
       June 29, 2011


                              DEFENDANT,
                              VOXEL DOT NET, INC.

                              By:  s/Mark A. Petrolis
                                   One of Its Attorneys
                                   Mark A. Petrolis
                                   Mudd Law Offices
                                   3114 W. Irving Park Rd.
                                   Suite 1W
                                   Chicago, Illinois  60618
                                   (773) 588-5410
                                   (773 588-5440 (fax)
                                   mpetrolis@muddlawoffices.com
                                   ARDC: 6300549