UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Flava Works, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10-cv-06517 |
| ) | |
| v. ) | |
| ) | |
| Marques Rondale Gunter ) | |
| d/b/a ) | |
| mVidster.com, myVidster.com, ) | |
| Salsaindy, LLC, et. al. ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff, Flava Works, Inc, by and through its attorney, Meanith Huon, and for its Motion to Dismiss Defendants, Marques Rondale Gunter's d/b/a Vidster.com and Salsaindy, LLC's Counterclaims, states as follows:

Plaintiff moves to dismiss Defendants' Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). FRCP 8(a)(2) requires that the counterclaim contain a statement showing that the pleader is entitled to relief. Defendants fail to state a claim upon which relief can be granted.

**I. STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "more than labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action." Bell Atlantic. Corp. v. Twombly, 550 U.S. 544, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986). In addition, the Supreme Court has concluded that the courts are not required to simply accept as true "a legal conclusion couched as

1

a factual allegation." Id., quoting Papasan, 478 U.S. at 286. Therefore, Plaintiffs factual allegations must sufficiently raise a right to relief beyond mere speculation and include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp., 550 U.S. at 555. As such, to survive a motion to dismiss, the claim to a right to relief must be facially plausible, which "asks for more than a sheer possibility that a defendant has acted unlawfully." Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F. Supp. 2d 800, 802-803 (N.D. Ill. 2000)

## II. ARGUMENT

### A. DEFENDANTS CANNOT STATE A CLAIM FOR TORTIOUS INTERFERENCE

The requisite elements for a claim of tortious interference with an existing contract are: "(1) the existence of a valid enforceable contract between the plaintiff and another; (2) the defendant's awareness of the relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract which causes a subsequent breach by the other, and (4) damages." Premier Transp., LTD. v. Nextel Communs., Inc., 2002 U.S. Dist. LEXIS 21803 (N.D. Ill. Nov. 8, 2002).

In Sybersound Records, Inc. v. UAV Corp., the 9th Circuit held that Sybersound has failed to plead facts either showing or allowing the inference of actual disruption to its relationship with the Customers. In its complaint, Sybersound merely states in a conclusory manner that it "has been harmed because its ongoing business and economic relationships with Customers have been disrupted." Sybersound does not allege, for example, that it lost a contract nor that a negotiation with a Customer failed. Accordingly, Sybersound's cause of action for tortious interference with prospective economic relations was properly dismissed.

Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1151 (9th Cir. Cal. 2008).

In Rossi v. Motion Picture Ass'n of Am., Inc., the District Court held that the copyright owner complied with the DMCA which authorized them to send a DMCA notice requesting that an ISP or web hot shut down a website.   The copyright owner, acting pursuant to and in accord with the DMCA provides the justification required to defeat the website owner's tortious interference claims.   The Court found no provision in the DMCA which requires a copyright holder to conduct an investigation to establish actual infringement prior to sending a notice to an ISP. Rather, HN5the DMCA only requires a copyright holder to form a good faith belief of an alleged or "claimed" infringement prior to sending an ISP a notice. See 17 U.S.C. § 512(c)(3)(A)(v).  Rossi v. Motion Picture Ass'n of Am., Inc., 2003 U.S. Dist. LEXIS 12864, 8-9 (D. Haw. Apr. 29, 2003), affirmed by, 391 F.3d 1000 (Cir. Haw. 2004).

In this case, Plaintiff acted pursuant to the DMCA in sending out the DMCA notices. Furthermore, Defendants   states in a conclusory manner that it has been harmed because its ongoing business and economic relationships with customers have been disrupted.   Defendants do not allege specifically that they lost a customer.

### B. DEFENDANTS CANNOT STATE A CLAIM FOR MISREPRESENTATION OF INTELLECTUAL PROPERTY INFRINGEMENT.

In § 512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation.    A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the

mistake. See § 512(f). Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner. Rossi v. Motion Picture Ass'n of Am., Inc., 391 F.3d 1000, 1004-1005 (9th Cir. Haw. 2004). A valid defense to the DMCA claim of misrepresentation is that the copyright owner was acting in good faith. The good faith belief incorporated into §512(c)(3)(A)(v) is one of subjective good faith. Thus, a party is not liable under § 512(c)(3) of the DMCA because of an unknowing mistake, even if that mistake was objectively unreasonable. Id. at 1005. Rather, there must be a demonstration that the actor had some actual knowledge of the misrepresentation. Third Educ. Group, Inc. v. Phelps, 675 F. Supp. 2d 916, 927 (E.D. Wis. 2009).

In this case, Plaintiff cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake. Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner.

Furthermore, in this case, Defendants rely on the same type of spreadsheet that was previously shown at the hearing on preliminary injunction to be unreliable and replete with errors. Plaintiff has found over 65 instances of Defendants' spreadsheet being wrong, where the spreadsheet lists an item as a "Duplicate" when in fact Plaintiff has a screen shot shows that the item is a new or repeat occurrence.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendants' Counterclaims.

DATED: July 12, 2011                                    Respectfully Submitted,

4

By: /s/ Meanith Huon /s/
Meanith Huon

Meanith Huon
ARDC No.: 6230996
PO Box 441
Chicago, IL 60690
312-405-2789
huon.meanith@gmail.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 1:10-cv-06517** |
| | ) | |
| v. | ) | |
| | ) | |
| **Marques Rondale Gunter** | ) | |
| d/b/a | ) | |
| **myVidster.com, myVidster.com,** | ) | |
| **Salsaindy, LLC, et. al., et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FILING

Please take notice that on or before July 12, 2011, Plaintiff, Flava Works, Inc., has filed the following documents or items:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaims.

The documents or items have been or are being electronically served on all counsel of record for all parties.

        Respectfully submitted,
        /s/ Meanith Huon
        Meanith Huon
        PO Box 441
        Chicago, Illinois 60690
        Phone: (312) 405-2789
        E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996