# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | DEFENDANT |
| | ) | VOXEL DOT NET, INC.'S |
| Plaintiff, | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| v. | ) | No. 10-cv-06517 |
| | ) | |
| MARQUES RONDALE GUNTER | ) | The Hon. John F. Grady |
| dba MYVIDSTER.COM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT VOXEL DOT NET, INC.'S
## MOTION FOR SUMMARY JUDGMENT

NOW COMES DEFENDANT VOXEL DOT NET, INC. ("Defendant Voxel"), by and

through its counsel, Mudd Law Offices, and respectfully moves for entry of an order, pursuant to

Federal Rule of Civil Procedure 56 and Local Rule 56.1, granting Defendant Voxel summary

judgment in its favor and against the Plaintiff Flava Works, Inc. ("Plaintiff") on all Counts in the

Plaintiff's Fourth Amended Complaint[1] in the grounds that there exists no genuine issue as to

any material fact and that Defendants are entitled to such judgment as a matter of law.

Defendant Voxel also moves for such other and further relief as to which it is entitled.

In support of its motion, Defendant Voxel submits its accompanying Memorandum in

Support of Motion for Summary Judgment ("Memorandum") and Statement of Undisputed

Material Facts ("Statement") with the exhibits attached thereto. Additionally, in brief summary,

Defendant Voxel states as follows:

The Plaintiff filed its Complaint to recover damages arising from the alleged uploading of

---

[1] Specifically, the Fourth Amended Complaint alleges that all the Defendants are liable for direct copyright infringement, contributory infringement, vicarious infringement, inducement of copyright infringement, false designation of origin, trademark and trade dress infringement, and common trademark infringement and unfair competition.

Plaintiff's copyrightable material to the website located at the domain name www.myvidster.com ("myVidster Website") by users of the myVidster Website. Defendant Marques Rondale Gunter ("Defendant Gunter") registered the domain name myvidster.com and remains the domain name's registrant. Additionally, Defendant Gunter owns, operates, and maintains the myVidster Website.

Through Defendant SalsaIndy, LLC, Defendant Gunter contracted with Defendant Voxel to provide a dedicated domain server through which the myVidster Website could be autonomously operated by Defendant Gunter, the myVidster Website, and Defendant SalsaIndy (collectively, the "myVidster Defendants"). By providing Defendant SalsaIndy a dedicated domain server, Defendant Voxel lacked any control over specific content on the myVidster Website and/or any of the particular users of Defendant Voxel.

The Plaintiff alleges that Defendant Voxel is liable for the infringements of its copyrighted works on the myVidster Website because it provided the myVidster Defendants with the domain server that hosted the myVidster Website. In fact, the Digital Millennium Copyright Act. ("DMCA") provides Defendant Voxel with immunity from liability for such infringements. As an Internet Service Provider ("ISP") seeking immunity under the DMCA's safe harbor provisions, Defendant Voxel maintained a DMCA policy that included a repeat infringer policy, identified a DMCA Agent registered with the United States Copyright Office, and complied with all proper DMCA notices received alleging infringement. Indeed, the Plaintiff should know this as it submitted notices to Defendant Voxel of the alleged infringements pursuant to the DMCA.

Specifically, in response to the DMCA Notices received from the Plaintiff, Defendant Voxel took the necessary measures required by the DMCA by acting expeditiously to alert the myVidster Defendants of the alleged infringements and ensuring they removed the materials

alleged to be infringing. This is the most that Defendant Voxel could do. For, Defendant Voxel lacked direct control over any of the content on the myVidster Website and/or any users of the myVidster Website. Consequently, these efforts provide Defendant Voxel with immunity from the Plaintiff's claims pursuant to the DMCA's safe harbor protection. See 17 U.S.C. § 512.

Further, the Plaintiff fails to state any claim upon which relief can be given. Given that Voxel did not directly copy the alleged works, the Plaintiff fails to state a claim for direct copyright infringement. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Similarly, the Plaintiff fails to state a claim for contributory infringement because Voxel did not materially contribute to the alleged infringement and in fact tried to reduce the alleged infringement. See Monotype Imaging, Inc. v. Bitstream Inc., 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005) (citation omitted); In re Aimster Copyright Litig., 334 F.3d 643, 653 (7th Cir. Ill. 2003). Additionally, the Plaintiff cannot state a claim for vicarious copyright infringement against Defendant Voxel because Defendant Voxel neither controlled (or had the ability to control) the alleged works on the myVidster website nor received any direct financial benefit from the alleged infringements. See Flava Works, Inc. v. Gunter, No. 10 C 6517, 2011 U.S. Dist. LEXIS 50067, at *13 (N.D. Ill. May 10, 2011). Equally, the Plaintiff fails to state a claim for inducement of copyright infringement because, again, Voxel took actions to discourage copyright infringement rather than induce third parties to commit such unlawful activity. See MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 919 (U.S. 2005).

In addition, the Plaintiff fails to state a claim regarding the three remaining counts for trademark and trade dress infringement, common trademark infringement, and unfair competition (collectively "Trademark Claims"). All of the Trademark Claims require that Voxel used the Plaintiff's marks in commerce. Flava Works, 2011 U.S. Dist. LEXIS 50067, at *19.

Voxel, however, has never used the Plaintiff's marks in any manner, let alone in commerce.

Given the foregoing and as articulated further in Defendant Voxel's Memorandum, there exist no genuine issues of material fact as to the absence of any liability attributable to Defendant Voxel. Indeed, the Plaintiff cannot present any factual basis entitling it to judgment in its favor. Id. Consequently, this matter against Defendant Voxel can be decided as a matter of law on all of Plaintiff's claims. Therefore, summary judgment is proper. See Fed. R. Civ. P. 56; Siliven v. Ind. Dep't of Child Servs., 635 F.3d 921, 925 (7th Cir. 2011).

WHEREFORE, for the foregoing reasons and those in its accompanying Memorandum, Defendant Voxel moves this Court to enter an Order granting summary judgment in its favor and against the Plaintiff on all Counts pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 and granting it such other and further relief as this Court deems fair and just.

Dated: January 12, 2012
Chicago, Illinois

Respectfully submitted,

DEFENDANT
VOXEL DOT NET, INC.

/s/ Mark A. Petrolis

By: One of Its Attorneys
Mark A. Petrolis
MUDD LAW OFFICES
3114 W. Irving Park Road, Suite 1W
Chicago, Illinois 60618
773.588.5410
773.588.5440 (Fax)
mpetrolis@muddlawoffices.com
ARDC: 6300549