10-6517.131-JCD                                              September 3, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 6517 |
| | ) |
| MARQUES RONDALE GUNTER d/b/a | ) |
| myVidster.com; SALSAINDY, LLC | ) |
| d/b/a myVidster.com; | ) |
| JOHN DOES 1-26; and | ) |
| LEASEWEB B.V. d/b/a LeaseWeb.com, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is the motion of plaintiff/counter-defendant Flava Works, Inc. to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted in part and denied in part.

## BACKGROUND

On February 7, 2013, defendants/counter-plaintiffs Marques Gunter (doing business as myVidster.com) and SalsaIndy, LLC (collectively, "myVidster") filed an amended answer to the Sixth Amended Complaint as well as affirmative defenses and a two-count counterclaim. Plaintiff/counter-defendant, Flava Works, Inc. ("Flava"), had moved to dismiss the original counterclaim, to which the amended counterclaim is largely identical. The parties have treated Flava's motion as being directed to the amended

- 2 -

counterclaim, and we will do the same. Count I of the counterclaim is a state-law claim for tortious interference with contract. In Count II, myVidster asserts that Flava violated the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 512(f), by knowingly and materially misrepresenting that certain content that allegedly infringed copyrights was available on myVidster's website.

## **DISCUSSION**

Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**A.  Count I - Tortious Interference with Contract**

Count I of the counterclaim alleges that Flava tortiously interfered with myVidster's contractual relationships with three companies--Server Beach, Voxel Dot Net, Inc., and FDC Servers--whose servers had hosted myVidster's web site. The claim is based on two types of conduct. MyVidster alleges that Flava (1)

- 3 -

"improperly filed this lawsuit" and (2) in notices sent pursuant to the DMCA, misrepresented to the three companies the extent of infringing material that appeared on myVidster's site, in order to "intentionally and injustifiably induce" the companies' terminations of their contracts with myVidster. (Countercl. ¶ 35.) It is alleged that Flava's conduct caused the three companies to terminate the contracts and that myVidster "suffered monetary damages as a result of its outlay of resources during its search for a new server company on three separate occasions." (Countercl. ¶¶ 36-39.)

In its opening brief, Flava contends that myVidster fails to state a claim for tortious interference based on the filing of this lawsuit because Illinois has a broad absolute litigation privilege that protects statements made in a judicial proceeding. MyVidster correctly counters that Illinois law limits the scope of this privilege to defamation or false light actions. See Conditioned Ocular Enhancement, Inc. v. Bonaventura, 458 F. Supp. 2d 704, 708 (N.D. Ill. 2006) (citing Zdeb v. Baxter Int'l, Inc., 697 N.E.2d 425, 430 (Ill. App. Ct. 1998)).

Flava presents a different argument in its reply, pointing out that under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process. See Havoco of Am., Ltd. v. Hollobow, 702 F.2d 643, 647 (7th Cir. 1983) (citing Lyddon v. Shaw, 372 N.E.2d 685,

- 4 -

690 (Ill. App. Ct. 1978)) ("Illinois law prohibits [plaintiff] from basing a cause of action for tortious interference with business opportunity on the wrongful filing of a lawsuit."); Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440, at *4 (Grady, J.) ("[I]t is clear that the principle discussed in Havoco applies whether the alleged interference involves an existing contract or a prospective business relationship."). Ordinarily, we disregard arguments raised for the first time in a reply brief, but there are two reasons why it would be unjust to do so here. First, although Flava's opening brief discussed only the absolute litigation privilege, the issue impliedly and more broadly raised by its motion is whether Illinois allows a tortious-interference claim that is based on the wrongful filing of a lawsuit. Second, the court is familiar with, and cannot simply ignore, the clear-cut principle that Illinois does not recognize such a claim. Therefore, myVidster's claim for tortious interference will be dismissed to the extent that it is based on the alleged wrongful filing of this suit.

Flava also contends that with regard to the alleged sending of DMCA notices that contained misrepresentations, myVidster "cannot plead" that Flava engaged in intentional and unjustified inducement of a breach of contract and has only conclusorily alleged harm. (Flava's Mot. at 5.) For the most part, Flava's argument goes to the merits, which we do not consider on a motion to dismiss.

- 5 -

MyVidster has sufficiently pleaded that Flava intentionally and unjustifiably sent the notices in order to induce the three companies' termination of their contracts with myVidster. Moreover, it has pleaded that it suffered harm "as a result of its outlay of resources" when on three occasions, it had to search for a new company to host its web site. To the extent that Count I is based on the alleged misrepresentation of intellectual-property infringement, it will not be dismissed.

**B.    Count II - Misrepresentation of
       Intellectual Property Infringement Under the DMCA**

In Count II of the counterclaim, myVidster alleges that Flava violated the DMCA, 15 U.S.C. § 512(f), by knowingly and materially misrepresenting that allegedly infringing content was available on myVidster, despite myVidster's previous expeditious removal of that content and despite Flava having received correspondence from myVidster confirming that the content had been removed. (Countercl. ¶¶ 42-43.)

Flava argues that myVidster fails to state a § 512(f) claim because it pleads knowledge in only a conclusory manner.  We disagree.  MyVidster alleges that Flava knowingly misrepresented that certain infringing content was available on myVidster's web site despite having received notification from myVidster that the content had been removed and that Flava did so purposefully, in an effort to "improperly exaggerate the actual amount of infringing content available on the myVidster.com website."  (Countercl. ¶¶

- 6 -

43-44.) These allegations allow us to draw a reasonable inference of liability and are sufficient to present a story that holds together, which is all that is required under federal pleading standards. See, e.g., Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). Flava's motion will be denied as to Count II of the counterclaim.

## CONCLUSION

For the foregoing reasons, the motion of plaintiff/counter-defendant Flava Works, Inc. to dismiss the counterclaim [190] is granted in part as to Count I, which is dismissed with prejudice, but only to the extent that the claim is based on the alleged wrongful filing of this lawsuit. The motion is denied as to Count I to the extent that the claim is based on the alleged misrepresentation of intellectual-property infringement, and as to Count II.

DATE:     September 3, 2013

ENTER:    _____
          John F. Grady, United States District Judge