10-6517.132-JCD                                          October 24, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FLAVA WORKS, INC.,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 10 C 6517
                                      )
MARQUES RONDALE GUNTER d/b/a          )
myVidster.com; SALSAINDY, LLC         )
d/b/a myVidster.com;                  )
JOHN DOES 1-26; and                   )
LEASEWEB B.V. d/b/a LeaseWeb.com,     )
                                      )
            Defendants.               )

### MEMORANDUM OPINION

Before the court is the motion of plaintiff/counter-defendant Flava Works, Inc. to compel responses to certain interrogatories and document requests. For the reasons explained below, the motion is granted in part and denied in part.

### DISCUSSION

Plaintiff moves for an order compelling defendants to produce certain categories of discovery. We will discuss each category as it has been framed by plaintiff.

• The most significant issue is defendants' objection to several interrogatories and document requests on the ground that they "seek information not limited to myVidster's back-up copy functionality." (Defs.' Resp. to Pl.'s First Set of Doc. Reqs.; Defs.' Resp. to Pl.'s Am. First Set of Interrogs.) Defendants

- 2 -

assert that "[a]s a result of the Seventh Circuit's decision" in
this case, "the only claims now remaining . . . relate to
myVidster's back-up functionality." (Defs.' Resp. to Pl.'s Am.
Mot. to Compel ("Defs.' Resp.") at 2.) In defendants' view, "the
Seventh Circuit plainly held that Plaintiff's theories of liability
arising from myVidster's linking functionality, which were each
predicated on the assertion that myVidster's linking users were
direct infringers, failed as a matter of law." (Defs.' Resp. at
2.) Defendants also argue that the current complaint, plaintiff's
Sixth Amended Complaint, "only asserts claims concerning
myVidster's back-up copy functionality." (Defs.' Resp. at 2.)
Plaintiff denies that it has so limited its claims, and it points
to language in the Court of Appeals's opinion indicating that the
door was left open to the possibility that defendants could be
liable as indirect infringers of plaintiff's public-performance
right, based on their linking service.

We agree with plaintiff. Although the Sixth Amended Complaint
is not a model of clarity, we cannot say that the claims asserted
therein are limited to defendants' backup service. Furthermore, a
careful reading of the Seventh Circuit's decision reveals that the
Court did not foreclose plaintiff from recovering on an indirect-
infringement theory relating to myVidster's linking service.
Discovery relating to defendants' linking service is therefore
within the proper scope of discovery, and defendants' objections
are overruled. Defendants' contention that plaintiff seeks "every

- 3 -

scintilla of personal information" about myVidster's users, Defs.'
Resp. at 3 n.2, is an exaggeration. Plaintiff seeks information
about the users that is relevant to their use of and experience
with myVidster.

•   Plaintiff argues that defendants' general objections to
the interrogatories and requests for production should be
"stricken." Defendants have not responded to this argument. We
will not "strike" the general objections because they are not
contained within pleadings, but we will disregard them as
impermissible. Because of their lack of specificity, general
objections do not accomplish anything useful. They serve merely to
add unnecessarily to the cost of litigation. If defendants have
withheld any documents or failed to answer an interrogatory solely
in reliance on a general objection--and they should tell plaintiff
whether they have done so--they will have to produce the withheld
documents or answer the interrogatory or interrogatories.

•   Plaintiff contends that defendants "should be ordered to
answer Interrogatory No. 7." (Pl.'s Am. Mot. to Compel at 4.)
That interrogatory states: "Identify the number of myVidster.com
users who have the backup service, the amount of backup storage
space each user has, and the user's screenname." Defendants have
answered: "Subject to its general objections, myVidster states that
the back-up service was disabled in September 2011, and has since
remained disabled. Accordingly, there are currently zero back-up
service subscribers and there is zero amount of storage space

- 4 -

available per user." (Defs.' Resp. to Pl.'s Am. First Set of
Interrogs. at 7.) Aside from the improper reliance on the general
objections, which we have discussed above, the remainder of the
answer is proper. The interrogatory uses the present tense--"have"
and "has," and defendants have answered that no users currently
have the backup service or storage space.

• Plaintiff contends that defendants should be ordered to
label the documents they have produced to correspond to the
categories in plaintiff's document requests. Federal Rule of Civil
Procedure 34(b)(2)(E)(i) provides that "[a] party must produce
documents as they are kept in the usual course of business or must
organize and label them to correspond to the categories in the
request." Defendants state that they have "repeatedly explained to
Plaintiff that all of [defendants'] documents have been produced as
they are kept in the ordinary course of business." (Defs.' Resp.
at 6.) This kind of production would be in compliance with Rule
34. Plaintiff does not reply, so it appears that this request is
moot.

• Plaintiff would like defendants to "propose a protective
order reasonable in scope." (Pl.'s Am. Mot. to Compel at 2-3.)
This request is now moot; after plaintiff's motion was filed, we
considered the parties' submissions on the issue and entered a
protective order.

• Plaintiff complains that defendants have not produced a privilege log as required by Federal Rule of Civil Procedure 26. Defendants state in their response that they served plaintiff with a privilege log "[c]oncurrent with" their response. (Defs.' Resp. at 6.) In its reply, plaintiff does not address the privilege-log issue, so we will assume that the request is now moot.

• Plaintiff contends that defendants should be ordered to answer Interrogatory No. 4, which seeks information about the circumstances and substance of every "conversation or communication" defendants have had "relating to" the complaint, counterclaim, or affirmative defenses. Defendants respond that the request is moot because they have served a supplemental response indicating that they have not had any such "non-privileged" communications. Plaintiff also requests that defendants respond to Document Request 35, which sought "[c]opies of all statements made by any party or witness"; plaintiff adds that it seeks "only statements related to the claims and defenses." (Pl.'s Am. Mot. to Compel at 6.) Defendants' response is that although the request as written is overbroad (we agree), they have "not withheld any non-privileged copies of statements made by any party or witness relating to this case." (Defs.' Resp. at 5.) We take this statement to mean that they have produced every non-privileged statement that they have. Plaintiff does not reply to defendants' responses, so these issues appear to be moot. But, if there are privileged communications that are responsive to either discovery

- 6 -

request, as defendants' responses seem to imply, those communications must be listed on their privilege log.

• Plaintiff seeks an order compelling defendants to produce their e-mail communications with their server companies as well as documents related to those companies' terminations of their webhosting service contracts with myVidster, in response to Document Requests 9 and 32. This discovery is relevant to defendants' counterclaim for tortious interference with contract. Defendants respond that they have produced all "non-privileged" communications and correspondence between them and their four server companies. (Defs.' Resp. at 6.) In reply, plaintiff asserts that defendants have not produced any of the contracts between them and the server companies. If these contracts have not already been produced, defendants shall produce them to the plaintiff by October 31, 2013. Any responsive privileged communications should be listed on defendants' privilege log.

• There are two issues raised by plaintiff for the first time in its reply brief. Plaintiff contends that defendants have failed to produce documents relating to SalsaIndy, LLC in response to supplemental requests for production and that Gunter has failed to produce "original source documents" containing data associated with the removal of certain videos from myVidster. (Pl.'s Reply at 4-7.) Plaintiff did not raise either of these issues in its motion, so they have not been adequately briefed; moreover, we are

- 7 -

not convinced that the plaintiff has satisfied its meet-and-confer
obligations on these issues.

## CONCLUSION

For the foregoing reasons, the amended motion of
plaintiff/counter-defendant Flava Works, Inc. to compel responses
to certain interrogatories and document requests [218] is granted
in part and denied in part.  A status hearing is set for November
6, 2013 at 11:00 a.m.


DATE:          October 24, 2013


ENTER:         _____
               John F. Grady, United States District Judge